THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACK
EZON, Appellant.

Court of Special Sessions of the City of New York, Appellate Part,
First Department, November 29, 1946.

*Jack Perlman* and *Irving Spieler* for appellant.

*Kenneth V. Fisher, Regional Litigation Attorney, Office of Price Administration (Franklyn A. Stone* of counsel), for respondent.

*Per Curiam.* The defendant herein has been convicted of two infractions under Order No. 18 of the New York State War Council in that on March 22, 1946, and March 25, 1946, he failed and refused to keep available for examination by the Office of Price Administration the records required to be maintained pursuant to section 17 of Revised Maximum Price Regulation 287 (8 Federal Register 9122, 9126–9127), duly promulgated by the Federal Price Administrator.

The pertinent part of section 17 of Revised Maximum Price Regulation 287 reads as follows: " Sec. 17. *Records.* Every manufacturer shall maintain and keep available for examination by the Office of Price Administration for so long as the Emergency Price Control Act of 1942, as amended, remains in effect, the records required by § 1389.8 of Maximum Price Regulation 153, as amended, and by Maximum Price Regulation 287, and also the following records: (a) Cutting ticket * * * (b) Cost record * * * (c) Purchase record * * *."

Section 17 of Revised Maximum Price Regulation 287 was duly promulgated by the Price Administrator pursuant to the authority granted in subdivision (b) of section 202 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 922 subd. [b]), providing in part as follows : " (b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity * * * to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents, the inspection of inventories, and the inspection of defense-area housing accommodations. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpœna require any such person to appear and testify or to appear and produce documents, or both, at any designated place."

Section 17 of Regulation 287 was duly promulgated in this State by Order No. 18, dated April 28, 1943, adopted by the New York State War Council pursuant to the provisions of the New York State War Emergency Act (L. 1942, ch. 445, as amd.) so that a violation of said regulation became an infraction under the New York State War Emergency Act subject to the penalty therein provided.

From the evidence in the case it appears that the defendant actually kept the required records. The main issue presented is whether or not his refusal to permit an Office of Price Administration inspector* to inspect and examine them on his premises, under the circumstances disclosed by the record, is violative of the provisions of section 17 of Revised Maximum Price Regulation 287, that he, " shall maintain and keep available for examination by the Office of Price Administration * * * the records required * * * ." To put the question in another way, is a refusal to permit such an examination, no matter what the circumstances, a violation of the said section?

The Office of Price Administration inspector testified that he went to defendant's place of business on March 22d, and asked him for " the cost records ", " the records that are required to be prepared and maintained under R. M. P. R. 287 ". At another point he stated that he merely asked the defendant for " the records required to be maintained under R. M. P. R. 287." According to the inspector, defendant said that he could not show the records or that the inspector could not see them. The inspector returned on March 25th, and asked for " the records." On that occasion the defendant said nothing but shook his head in the negative. The inspector then served defendant with a subpœna duces tecum as provided for in subdivision (b) of section 202 of the Emergency Price Control Act of 1942.

Briefly, defendant's version of what transpired on these two occasions — and his version seems to have been adopted in the main by the Trial Magistrate — was that he refused to permit an inspection of the records on March 22d, because he had not expected the inspector, had made previous appointments for that afternoon and besides desired to consult his attorney who happened to be out of town at the time. The inspector left but returned on March 25th and again made a demand for the records on that occasion. Defendant indicated a desire to have his attorney present, whereupon he was served with a subpœna

---

* Cf. *People* v. *Kugelman*, 188 Misc. 135.— [REP.

as hereinabove stated. Defendant's attorney returned to New York on April 1st.

It is pertinent to note that the demand made upon defendant by the inspector was a sweeping one and did not clearly and definitely state or define the scope and extent of the inquiry which he proposed to make. Even the period of time to be covered by the inquiry was not disclosed. By contrast the subpœna served on March 25th was definite and precise in every respect in its specification of the demanded records.

The regulation claimed to have been violated does not in express language authorize an inspection or examination of records at a person's place of business upon a casual visit by an Office of Price Administration inspector. Reasonably, one might argue that the language of the regulation should be interpreted in the light of the express and detailed powers of the Price Administrator set forth in subdivision (b) of section 202 of the Emergency Price Control Act of 1942, pursuant to which, presumably, the regulation was adopted. However, there should also be taken into consideration in the interpretation of said regulation, the subpœna power provided for in subdivision (b) of section 202, which can be enforced, in case of disobedience, by an ex parte order out of the Federal courts.

We apprehend that the defendant was entitled to challenge the legality of the subpœna process by which it was sought to obtain production of his records. We are not satisfied that he could not, under the existing circumstances, delay the production of his records for summary examination upon demand by an Office of Price Administration inspector making a routine visit to his place of business. We believe that section 17 of Regulation 287 is subject to the rule of reasonable enforcement thereof and reasonable compliance therewith.

The only case in point which has been called to our attention is the decision in *Bowles* v. *Sachnoff* (65 F. Supp. 538) where the precise question was determined in favor of the defendant. We feel constrained to follow that decision in the instant case.

Subdivision (g) of section 202 of the Emergency Price Control Act (U. S. Code, tit. 50, Appendix, § 922, subd. [g]) provides that the immunity provisions of the Compulsory Testimony Act (U. S. Code, tit. 49, § 46) shall apply with respect to any individual who specifically claims his privilege against self incrimination when called upon to comply with the requirements of section 202. In the case of *In re Hoffman* (68 F. Supp. 53), decided October 4, 1946, it was held that subdivision (g) of section 202 exempts from prosecution any person who produces

records in response to a subpœna duces tecum issued by the Price Administrator if the prosecution is based on information contained in such records. Respondent maintains that such privilege is not available upon the mere production of the records but only when the person subpœnaed is placed under oath to testify regarding the records or related matters. We advert to this point merely to indicate the reasonableness of defendant's position in desiring the advice of his attorney as to his rights and privileges under the Emergency Price Control Act, whatever, ultimately, the correct interpretation of such legal rights and privileges might be.

In view of the foregoing we do not consider it necessary to determine whether willfulness in the refusal to produce records is an essential element under subdivision 6 of section 101 of the New York State War Emergency Act and if it is, whether defendant's refusal was willful.

The judgments should be reversed and the complaints dismissed.

DE LUCA, Ch. J., and KOZICKE, J., concur; NORTHROP, J., dissents and votes to affirm the judgments.

Judgments reversed, etc.