## PEOPLE v. McDERMOTT.

(Supreme Court, Appellate Division, Second Department.    March 9, 1906.)

BREACH OF THE PEACE—ELEMENTS OF OFFENSE.

    Seven small boys were together on a vacant lot. A few of them played a game consisting of throwing dice on the ground. There was no disturbance or danger to the peace. *Held,* that the boys were not guilty of violating Pen. Code, § 675, punishing one who commits any act which disturbs or endangers the public peace.

    [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Breach of the Peace, §§ 1–3.]

Appeal from Children's Court of New York.

Thomas McDermott was convicted of a misdemeanor, and he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

William F. Timm, for appellant.

GAYNOR, J.    The charge against the defendant, a twelve year old boy, was a violation of that provision of section 675 of the Penal Code that "A person who willfully and wrongfully commits any act which * * * seriously disturbs or endangers the public peace * * * for which no other punishment is expressly prescribed by this Code, is guilty of a misdemeanor"; and the sworn information against him was that he did thus willfully and wrongfully interfere with and disturb the public peace "in that he did engage in playing a gambling game, to wit, a game of craps" with other boys in a vacant lot.

The throwing of dice for certain numbers is, it seems, called "craps" by the boys and the police. Some little boys were throwing dice in this way on the ground in a vacant lot. About seven in all were present. There was no noise or disturbance whatever. A policeman came up and seized the defendant. The decided weight of evidence is that the defendant was not playing craps but looking on, or amusing himself near by, and a finding to the contrary should not be sustained.

But there is no statute making the playing of craps a crime any more than playing marbles; and for that reason the charge made against this boy was that he committed the grave and special crime of breach of the peace defined in section 675 of the Penal Code, in that he played craps in a lot. That crime is a substantial and not an imaginary one; proof that the defendant willfully and wrongfully committed an act

which seriously disturbed or endangered the public peace, as the statute says, was necessary in order to make it out. It might just as well have been charged that the mere act of playing marbles in the street or in a lot is a breach of the peace. There was no disturbance or danger to the peace proved or even claimed on the trial; the mere act of playing craps by a few of the seven boys was all that was proved. The justice simply took the law into his own hands and convicted the defendant of playing craps, as though that in itself was a crime. He apparently wanted to be better than the law.

This little boy was tried in the Children's Court, which was created to protect and save children. The justice used language toward him which was well calculated to make a reckless and bad boy of him if he had been capable of understanding it, and which must have sounded vulgar enough in that court, viz., that "this fellow ought to be watching for Canfield" (the keeper of a notorious gambling house), and "he would be all right in the Tenderloin" (an immoral section of the city). He betrayed not the slightest sense of the humane and beneficent office of the Children's Court. He found the defendant guilty and, incredible as it may seem, sentenced him to fifty days' imprisonment or to pay a fine of $50, as though he were a mature and dangerous criminal, instead of a little boy who plays marbles and craps and spins tops and flies kites in the streets and vacant lots because he has no other place to play.

The judgment should be reversed.

Judgment of conviction reversed, fine ordered to be refunded, and the appellant discharged.

JENKS, J., concurs. HIRSCHBERG, P. J., WOODWARD and HOOKER, JJ., concur in the result.