THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CORRIGAN et al., Appellants.

(Argued February 17, 1930; decided March 18, 1930.)

*William J. Rapp* for appellants. It is error to find a material fact when there is a total absence of evidence to sustain it. (*Mason* v. *Lord*, 40 N. Y. 476; *Pollock* v. *Pollock*, 71 N. Y. 137; *Root* v. *Great Western R. R. Co.*, 45 N. Y. 524; *Duffy* v. *Masterson*, 44 N. Y. 557.) The case is barren of evidence that the defendants willfully injured the person or property of the complaining witness or any one else, and should have been dismissed at the close of the People's case. (*Wass* v. *Stephens*, 128 N. Y. 123; *McMorris* v. *Howell*, 89 App. Div. 272; *People* v. *Martinitis*, 168 App. Div. 446.)

*Frank H. Coyne, District Attorney* (*James E. Dempsey* of counsel), for respondent. The Court of Appeals is concluded by the findings of fact provided such findings are supported by any evidence. (*People* v. *McCarthy*, 250 N. Y. 358; *Austin* v. *New Jersey Steamboat Co.*, 43 N. Y. 75; *Mason* v. *Lord*, 40 N. Y. 477.) The acts of the defendants were committed willfully and wrongfully in violation of section 43 of the Penal Law. (*Ampersand Hotel Co.* v. *Home Ins. Co.*, 131 App. Div. 361; *Kantor* v. *Cohn*, 181 App. Div. 400; *People* v. *Martinitis*, 168

App. Div. 466; *U. S.* v. *Stickrath,* 242 Fed. Rep. 151; *U. S.* v. *Ragansley,* 253 Fed. Rep. 643; *People* v. *Malone,* 156 App. Div. 10; *People* v. *Harden,* 110 Misc. Rep. 72; *People* v. *Stevens,* 109 N. Y. 159; *Wass* v. *Stephens,* 128 N. Y. 123.)

*Per Curiam.* There is no evidence tending to prove that defendants entered the garage at 34 Ridgeland road or any other garage, or that they tried the doors of the house at 34 Ridgeland road or any other house or that they even entered upon private premises at No. 34 Ridgeland road or at No. 10 Avondale road or any other private premises or that they committed any of the acts set forth in the information. There is no evidence that either defendant committed any act which seriously disturbed or endangered the public peace or health or in any manner violated the provisions of section 43 of the Penal Law. The judgment of the County Court and that of the Court of Special Sessions should be reversed and the information dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.