THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
PETER RUDNICK, Appellant.

Argued January 18, 1939; decided February 21, 1939.

*Frank Serri* for appellant. A motion to dismiss the information on the ground that no crime is charged is in substance a demurrer to that information, and need not be repeated twice, in order to insure review of that point on appeal. (*People* v. *Wiechers*, 179 N. Y. 459; *People ex rel. Phillips* v. *Hanley*, 164 App. Div. 150; *People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30; *People* v. *Zambounis*, 251 N. Y. 94.) " For the purpose of obtaining any benefit or payment under the provisions of this chapter " means a benefit or payment expressly provided by the Workmen's Compensation Law (Cons. Laws, ch. 67), that is compensation for injured employees, death benefit to dependents or payment of legal, medical and funeral services. (*Lindebauer* v. *Weiner*, 94 Misc. Rep. 612.)

*William F. X. Geoghan, District Attorney (Edward H. Levine* of counsel) for respondent. The decision denying the motion to dismiss the information is no part of the judgment roll nor is it an intermediate order and it is not appealable. (*People ex rel. Phillips* v. *Hanley,* 164 App. Div. 150; *People* v. *Zambounis,* 251 N. Y. 94; *People* v. *Cully,* 167 App. Div. 332; *People* v. *Wiechers,* 179 N. Y. 459; *People* v. *Zerillo,* 200 N. Y. 443; *People* v. *Reed,* 276 N. Y. 5; *People* v. *Green,* 201 N. Y. 172; *People* v. *Lagersohn,* 147 App. Div. 227; *People* v. *Walsh,* 172 App. Div. 266.) The information sets forth a crime. (*Matter of Rheinwald* v. *Builders' Brick & Supply Co.,* 168 App. Div. 425.)

*Per Curiam.* The defendant moved to dismiss the information " on the ground that the facts stated therein do not constitute a violation of section 114 of the Workmen's Compensation Law of the State of New York nor a crime under any law of this State." We think this motion was the equivalent of a demurrer to the information. (Code Crim. Proc. §§ 323, subd. 2, 324.) The Presiding Justice of the Court of Special Sessions entered upon the information the following indorsement: " Motion to dismiss denied." Since we think this entry was sufficient as an order disallowing the demurrer (Code Crim. Proc. § 326), the actual decision thereby made must be reviewed on this appeal. (Code Crim. Proc. §§ 485, subd. 2, 517.)

We hold that the facts stated in the information constitute the misdemeanor defined by section 114 of the Workmen's Compensation Law (Cons. Laws, ch. 67).

The judgment should be affirmed.

O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., LEHMAN and HUBBS, JJ., dissent.

Judgment affirmed.