THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KENNETH B. HUYCK, Appellant.

County Court, Chenango County, June 15, 1939.

*Harold C. Vrooman,* for the appellant.

*Lester R. Mosher, District Attorney,* for the respondent.

BROWN, J. The defendant has been convicted in a Court of Special Sessions, in the town of New Berlin in this county, of the crime of disorderly conduct under subdivisions 1 and 2 of section 722 of the Penal Law, following a plea of guilty. He appeals to this court and seeks a reversal of the judgment on the ground that the information laid before the magistrate charging him with the commission of the crime was insufficient and attacks the conviction on the ground that, the information being insufficient, it did not give the Court of Special Sessions rendering the judgment of conviction jurisdiction.

Disorderly conduct, as defined in section 722 of the Penal Law, in so far as it relates to this case, is as follows: " Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly con-

duct: 1. Uses offensive, disorderly, threatening, abusive or insulting language, conduct or behavior; 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others." Clearly, before a person can be convicted of this crime, the acts referred to in subdivisions 1 and 2 of the section must be done " with intent to provoke a breach of the peace " or the acts be such as may occasion a breach of the peace. A breach of the peace has been defined as " an offense well known to the common law. It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (*People* v. *Most*, 171 N. Y. 423, 429.) The elements of the crime have been considered and passed upon by the Court of Appeals in more recent decisions: *People* v. *Nixon* (248 N. Y. 182); *People* v. *Perry* (265 id. 362); *People* v. *McCauliff* (267 id. 581).

The information on which the warrant of arrest was issued states that the defendant " did commit the crime of Disorderly Conduct in Viol Sect 722 Penal Sub-Divs. 1 & 2 against the person or property of Gertrude E. Huyck by wrongfully, unlawfully, willfully, corruptly, and knowingly did use offensive, disorderly and abusive or insulting Language conduct or behavior and did annoy disturb others, he did call me a liar and a Hell Hore did grab me by the arm and try to pull me Back & down stairs and Mrs. Beardslee came to my assistance." While it is charged in the information that defendant committed the crime, in that he violated subdivisions 1 and 2 of section 722 of the Penal Code, there is no statement of any fact showing that he acted in such a manner " as to annoy, disturb, interfere with, obstruct or be offensive to others;" the statement that he " did annoy or disturb " others is a conclusion rather than an " allegation made to a magistrate that a person has been guilty of a designated crime." (Code Crim. Proc. § 145.) Neither is the statement in the information that attempts to designate a crime under subdivision 1 of said section sufficient to charge the defendant with disorderly conduct. In *People* v. *Wacke* (77 Misc. 196), in discussing the sufficiency of an information under section 145 of the Code of Criminal Procedure (at p. 197), it is said: " It performs the same function as an indictment in a court of record, and must set forth facts to establish the crime; not with the exactness of an indictment, but with sufficient preciseness to inform the magistrate that a designated crime has been committed. If it charges the crime in the words of the statute, it should allege the time, place, person and other circumstances that constitute such crime. * * * All the material facts constituting the offense must be stated. No essential element of the crime can be omitted.

The principal facts must be charged." There is no statement that the alleged acts complained of were done with the intent to provoke a breach of the peace or that a breach of the peace might have been occasioned thereby. There is no allegation to show that the acts alleged to have been committed took place in a public place and, so far as appears from the information, whatever was said or done by the defendant may have been within his own home. (*People* v. *Oczko*, 272 N. Y. 604.)

In a criminal proceeding the information is the foundation of the justice's jurisdiction. (*Shappee* v. *Curtis*, 142 App. Div. 155; *McKelvey* v. *Marsh*, 63 id. 396; *People* v. *Williams*, 135 Misc. 564; *People* v. *Knapp*, 152 id. 368; *People* v. *Lindner*, 133 id. 728.)

The fact that the defendant pleaded guilty during the proceedings before the magistrate does not preclude him from raising the question of the latter's jurisdiction to render judgment against him. (*People* v. *Williams*, *supra; People* v. *Knapp*, *supra; People* v. *Lindner*, *supra*.)

The information was insufficient and the justice did not acquire jurisdiction. Judgment of conviction reversed.