THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM KUGELMAN, ACE FOODPAK, INC., and FRANCES EPSTEIN, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, First Department, January 8, 1947.

*Edwin M. Reiskind* for appellants.

*John J. Bennett, Corporation Counsel (Seymour B. Quel* and *David M. Fuchs* of counsel), for respondent.

*Per Curiam.* Defendants appeal from judgments of conviction rendered in the War Emergency Court of the City Magistrate's Court of the City of New York. The complaints are alike and read as follows: " Walter J. Glennon an Inspector of the Markets Department of the City of New York, being duly sworn, says, that on January 31, 1946 in the County of New York, City of New York, the defendant * * * at 339 Lex. Ave. did unlawfully fail to show bills covering the cost of food items contained in a package delivered to * * * in violation of Chapter 171, Section 101A of the War Emergency Act." The defendants pleaded guilty to all complaints.

The appellants contend that the complaints do not charge the commission of any offense and that their pleas of guilty are a nullity.

The Office of Price Administration Regulation, the subject matter of the complaints, is section 13 of Maximum Price Regulation No. 423 which provides as follows (8 Federal Register 9407, 9409): " Sec. 13. *Records.* After August 5, 1943, you must keep for one year after you receive them all your invoices, freight bills, and other records showing the price you paid and the date you received delivery of each item covered by this regulation.

" You are required to show all your invoices on request of any OPA representative and to furnish on request for any OPA representative a written record of your ceiling price in effect at any particular time or times for any or all of the items covered by this regulation. You must also keep available for inspection by an OPA representative the records you used in deciding what group your store is in."

An essential ingredient of the violation of section 13 of Maximum Price Regulation No. 423 is the request of an inspection of invoices made by an Office of Price Administration representative and the refusal to furnish such invoices to an Office of Price Administration representative. An Office of Price Administration representative is a person authorized to act on behalf of the Office of Price Administration, and responsible to it. There should have been an allegation in the complaints that the defendants refused to permit an inspection of the invoices by an Office of Price Administration representative as provided for in section 13 of Maximum Price Regulation No. 423.* An Inspector of Markets of the City of New York *is not* an Office of Price Administration representative and therefore the complaints do not charge the commission of an offense.

A plea of guilty is not a waiver of the objection that the complaint does not charge an offense. This objection may be raised on appeal. The plea of guilty was limited to the offense as charged in the complaint. If what is alleged in the complaint does not constitute an offense then the magistrate acquired no jurisdiction to hear and determine the case. The plea of guilty does not waive a jurisdictional defect. (*People* v. *Lindner,* 133 Misc. 728; *People* v. *Rosenkrantz,* 123 Misc. 335; *People* v. *Fuchs,* 71 Misc. 69.)

We are of the opinion that the appellants did not commit any offense.

The judgments of conviction should be reversed on the law and the complaints dismissed. The fines are ordered remitted.

De Luca, P. J., Northrop and Perlman, JJ., concur.

Judgments reversed, etc.