THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DONALD HALLING, Appellant.

County Court, Monroe County, April 9, 1953.

*Ira Morris* for appellant.

*Clarence J. Henry, District Attorney (Harry L. Rosenthal* of counsel), for respondent.

O'MARA, J. The defendant appeals from a judgment of the Criminal Branch of the City Court of Rochester convicting him upon his plea of guilty of the crime of assault in the third degree.

It is claimed in the appeal affidavit that the judgment of conviction should be reversed in that no information was filed charging the defendant with the crime for which he stands convicted and upon the further ground that the defendant's arrest was illegal in that no warrant was issued. The record on appeal fails to disclose as to how the court obtained jurisdiction of the person of the defendant. It is possible that the defendant appeared voluntarily before the court and if that was the case no warrant was required. In view of this situation I do not deem it necessary to give further consideration as to the manner in which the court obtained jurisdiction of the defendant's person.

The failure to file a written information sufficiently charging the defendant with the commission of the crime of assault in the third degree constitutes a fatal defect in the proceedings so as to require a reversal of the judgment appealed from. The absence of an information constitutes a jurisdictional defect which cannot be cured even by a plea of guilty, and there cannot be a waiver of a defect in a case which involves the court's jurisdiction.

It has been stated by the Court of Appeals of this State that, " waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him ". (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314, 318.)

The defendant has been convicted of a misdemeanor and our Court of Appeals in *People* v. *Jacoby* (304 N. Y. 33) held that in a prosecution involving the commission of a misdemeanor

an information is required and on that question the court was unanimous although divided on the main question in issue. On the question of the necessity for the filing of an information Judge FULD, who wrote the dissenting opinion in the *Jacoby* case, had this to say (p. 43): " We all seem to be agreed that prosecution for a misdemeanor can proceed only upon a written information designating the offense charged and setting out the acts allegedly committed· by the defendant constituting that offense — and, indeed, there can be no doubt of that proposition."

It is observed that the prevailing opinion in the *Jacoby* case fails to take issue with the law as laid down in the dissenting opinion on the question of the defendant's waiving the filing of an information. Judge DESMOND in a concurring opinion took the position that the filing of an information may be waived and it is fair to assume that the other three judges of the majority were in agreement with the members of the minority on the question of waiver.

It is suggested in the prevailing opinion in the *Jacoby* case that jurisdiction in a proper case may be obtained and conferred by consent or waiver or by appearance and participation in proceedings before the court. Following this declaration the court cited a number of cases all of which involved the sufficiency of an information as distinguished from the lack of an information.

It should be pointed out that the settled law as to the necessity for the filing of an information applies only in cases involving the commission of a crime as distinguished from offenses below the grade of a misdemeanor. The Court of Appeals in *People* v. *Grogan* (260 N. Y. 138) points out a possible distinction between crimes and minor offenses as bearing upon the procedural requirement of an information and mention is also made to the same subject by Judge FULD in the *Jacoby* case. It would appear therefore that no pronouncement has as yet been made by our Court of Appeals as to the necessity of a filed information in criminal prosecutions below the grade of a misdemeanor. It is believed, however, in view of the references made on that question in the *Grogan* and *Jacoby* cases, that in the event the question was squarely presented to our highest court, it would conclude that in cases below the grade of a misdemeanor, the filing of an information could be dispensed with. The necessity for the filing of an information in such cases is not here presented and obviously is not passed upon.

Having in mind that the question presented involves a fundamental principle pertaining to criminal prosecutions, it might be well to quote Judge CRANE in *People* v. *Zambounis* (251 N. Y. 94, 97). He said, "Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos. Much impatience is being shown with the technicalities of the law, and at times it is justified. The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law."

The judgment of conviction is reversed.

Submit order accordingly.