Daniel J. McAvoy, J.
This is an application by relator for a writ of habeas corpus.
*232 In February of 1956, the relator was charged with the crime of assault in the third degree upon an information which alleged as follows — that the defendant ‘ ‘ on the 14th day of February, 1956, at 421 Chestnut Street, Oneonta, New York, in the Town of Oneonta, at about 1:40 o ’clock in the forenoon of said day, did commit the crime of assault, third degree, by assaulting the informant — to wit, did strike the informant several times about the head and shoulders with his clenched fist
Thereafter and on or about February 21, 1956, upon relator’s arraignment before the Justice of the Peace, a conference was had between the relator, his counsel and the assistant district attorney, concerning a possible plea. Eventually, the relator consented to plead guilty to a charge of disorderly conduct (Penal Law, § 722), and with the consent of the assistant district attorney and the court, such plea was entered. No new information, charging the relator with the offense of disorderly conduct, was substituted for the information charging assault in the third degree.
The relator was given a six months’ jail sentence, execution of which was suspended during his good behavior and he was placed on probation. On July 5, 1956, he was adjudged guilty of a violation of the terms of his probation, and a sentence of six months imposed. The relator was taken into custody by the Sheriff to serve out such sentence.
The question presented upon this proceeding is whether or not the court had jurisdiction to pronounce the original sentence upon relator’s plea of guilty to the disorderly conduct charge.
In the opinion of this court, if the original information had set forth facts which would constitute the crime of disorderly conduct, as well as assault in the third degree then the court would have had jurisdiction to accept relator’s plea and impose a valid sentence.
This would be analogous to a situation where a jury would be permitted to find a defendant guilty of “ any crime, the commission of which is necessarily included in that with which he is charged in the indictment.” (Code Crim. Pro., § 445.)
However, no allegations which would constitute the offense of disorderly conduct are found in the information here filed against the relator. There are no facts alleged, showing that the offense occurred in a public place or that relator’s acts tended to provoke a breach of the peace or any disturbance of public order or of the peace and quiet of the community. (See People v. Perry, 265 N. Y. 362.)
The relator, therefore, pleaded guilty to an offense with which he was not charged in an information, and one which was not *233 necessarily embraced within the allegations of the information filed.
The question here involved, i.e., the necessity for the filing of a formal written information against a person accused of crime, has been thoroughly discussed by our Court of Appeals in the case of People v. Jacoby (304 N. Y. 33).
Judge Fuld, in a vigorous dissenting opinion, states at page 49 as follows: “No less fundamental is the requirement, rooted in tradition and sound public policy, and announced by statute, that prosecution for a crime shall be based on a formal accusation in writing — whether it be indictment or information — designating the crime charged and setting forth the acts alleged to constitute the crime. Compliance with that requirement is essential to the jurisdiction of the court to proceed with the prosecution (see People v. James, 11 App. Div. 609; People ex rel. Sampson v. Dunning, supra, 113 App. Div. 35, 40; Weeks v. United States, supra, 216 F. 292, 293, cert. den. 235 U. S. 697; Albrecht v. United States, supra, 273 U. S. 1, 8), and ‘ Consent cannot give a court jurisdiction or authorize a substantial change in its fundamental mode of proceeding.’ (People ex rel. Battista v. Christian, supra, 249 N. Y. 314, 320.) ”
An examination of the opinion in this case indicates that three of the Judges voting for an affirmance, in effect, said that the defendant’s written statement accusing himself of certain acts, might be considered as an information. Thus, the inference to be drawn therefrom is that, in their opinion, a written information charging a specific crime is a necessary requisite to a subsequent prosecution therefor.
While I am mindful of the fact that the court there was referring to prosecutions for misdemeanors, and we are here dealing with a so-called “ offense ”, nevertheless, where such offense is of the type which provides a maximum jail sentence of six months, I believe that all our traditional procedures and safeguards required in a prosecution for a misdemeanor, should be likewise complied with.
It is of no moment that the so-called reduced charge was probably agreed to for the relator’s benefit. The question is one involving the court’s jurisdiction.
One of the principal reasons for the presentation of a written information setting forth the specific acts constituting the offense, is to bar a possible subsequent prosecution for the same offense. If no such information is filed, there is no way of determining, with any degree of certainty, at a later date just what acts or conduct were embraced within the conviction, either after trial or upon a plea of guilty.
*234 Inasmuch as the relator pleaded guilty to a crime not charged, the court was without jurisdiction and the conviction a nullity. (See People v. Kugelman, 188 Misc. 135; People v. Bell, 31 N. Y. Crim. Rep. 370; People v. Rosenkrantz, 123 Misc. 335; People v. Williams, 135 Misc. 564; People v. Huyck, 171 Misc. 467; People v. Patrick, 175 Misc. 997.)
In the present case, the so-called reduced plea was not, as I have hereinabove pointed out, to a crime or an offense necessarily embraced within the original information. A new information charging the offense of disorderly conduct, if it were in fact committed, should have been submitted for the original information and a plea entered thereon.
As the court was without jurisdiction to accept the relator’s plea of guilty and impose sentence, all subsequent proceedings had upon such conviction including probation, the revocation thereof and imposition of sentence, were a nullity and the writ must be sustained and the- relator discharged.