Desmond, J. (dissenting).
Defendant, charged with a misdemeanor violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, was summoned into a Special Sessions Court in St. Lawrence County by the service on him by a police officer of a “uniform traffic summons and complaint” (see Vehicle and Traffic Law, § 74). This paper while colloquially called a ‘ ‘ traffic ticket ’ ’ actually is much more than that since it performs the dual function of a summons notifying the defendant to appear in court and of a complaint giving him in fullest detail the information as to what he is charged with doing or failing to do contrary to law. When defendant appeared for trial he was fully informed by the court as to his right to counsel, jury trial, adjournment, etc., and was fully informed also as to the dangers of license suspension and/or revocation in case of conviction. He pleaded guilty and was fined and paid the fine.
It is now argued that his rights were violated because no formal ‘ ‘ information ’ ’ was filed against him. Of course, there is not involved here the kind of information that serves as a basis for the issuance of a warrant and which, since it results in a deprivation of liberty, must be supported by a sworn statement of evidentiary facts, etc. (Code Crim. Pro., §§ 148-150; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 390, 391). The case here on appeal is one of those where “ the trial court acquired jurisdiction of the person of the defendant by a valid arrest, lawfully made without a warrant. ’ ’ Such an ‘' information * * * serves only the function of a pleading — at least where no question is raised as to the authority of the court to commit the defendant pending trial on the basis of the information ” (People v. Belcher, 302 N. Y. 529, 534). In People v. Jacoby (304 N. Y. 33) there was no “ information ” at all and yet we upheld the misdemeanor conviction because there was before the Special Sessions Judge an affidavit signed by the defendant himself detailing the facts. In Jacoby we assumed, although we all agreed that there is no express statutory requirement therefor, that in a misdemeanor prosecution there must be presented, to serve the purposes of a pleading, a written state *155 toent of the charge. The substance of the Jacoby holding was that defendant’s own affidavit served that purpose in that case. Obviously we did not hold in Jacoby that an information in any particular form is necessary, otherwise we would have had to reverse the conviction. If the self-accusation of Jacoby served as an “ information ” then in the present case the detailed statement of the charge signed by the police officer and served on defendant must suffice.
The only possible defect in this paper so served on defendant is the absence of a verification. Not only is there no statutory requirement that such a paper be sworn to but it is clear that at common law a misdemeanor information was not required to be sworn to (see cases cited at 27 Am. Jur., Indictments and Informations, § 44; 42 C. J. S., Indictments and Informations, § 86). Furthermore, this is at most a defect of form. In jurisdictions where, unlike New York, there is a statutory requirement that an information be sworn to, the lack of a jurat is held not to be a jurisdictional defect (see cases cited at 42 C. J. S., Indictments and Informations, § 86, p. 948). This defendant was not, and could not possibly be, deprived of any rights by the circumstance that this paper was not sworn to. If he had pleaded not guilty and stood trial the officer or other witness would have been put on oath at the trial.
The judgments appealed from should be affirmed.
Conway, Ch. J., Fuld and Van Voorhis, JJ., concur with Froessel, J.; Desmond, J., dissents in an opinion in which Dye and Burke, JJ., concur.
Judgments reversed, etc.