■ The People of the State of New York, Respondent, v. Thomas Anthony Maggio, Appellant.— Appeal by defendant:  (a) from a judgment of the County Court, Rockland County, rendered June 7, 1961 upon his plea of guilty, convicting him of sodomy in the second degree, and imposing sentence as a second felony offender, and (b) from an order of said court, entered January 30, 1962, which denied his *coram nobis* application to vacate said judgment.  Judgment reversed, on the law; count one (the sodomy count) of the indictment dismissed; and the action remitted to the County Court, Rockland County, for further proceedings with regard to the second count of the indictment, in accordance herewith.  No questions of fact were considered.  The indictment on which defendant was convicted contained one count of sodomy, second degree, and a second count of impairing the morals of a minor in violation of subdivision 2 of section 483 of the Penal Law.  While defendant pleaded guilty to the first count, such plea was made to cover all the counts contained in the indictment.  Defendant's plea of guilty without having moved to dismiss the first count of the indictment does not preclude him from thereafter challenging such count on the ground that it does not charge a crime, since the plea admits only the facts as alleged and does not create a punishable offense when none is in fact charged against the defendant (*People* v. *Scott*, 3 N Y 2d 148, 152, and cases cited therein; *People* v. *Jacoby*, 304 N. Y. 33, 49–50; cf. *Matter of Saunders* v. *Kennedy*, 3 A D 2d 679).  In our opinion, the first count is insufficient as matter of law.  It charges that defendant " carnally knew   *   *   *   [an infant] with the mouth of the said [defendant] ".  A person " who carnally knows " another " by the anus or by or with the mouth ", commits the crime of sodomy (Penal Law, § 690).  Under our statutes, however, only the one whose penis is inserted into a body orifice of another " carnally knows " another.  (*People* v. *Randall*, 9 N Y 2d 413; Penal Law, §§ 690, 691).  Accordingly defendant's plea is a nullity, the judgment must be reversed and count one of the indictment dismissed, since it is also insufficient to charge defendant with aiding and abetting in the commission of a misdemeanor (*People* v. *Randall*, *supra*).  As the plea now annulled had been accepted to cover the entire indictment, this disposition of the first count necessarily leaves undisposed the second count of the indictment.  Hence, the action is remanded to the County Court for further proceedings with respect to such second count. Appeal from order dismissed as academic.  On January 22, 1962 this court granted defendant permission to appeal on the original papers, but such permission was granted only with respect to the appeal from the judgment of conviction.  Consequently, the appeal from the order which denied defendant's *coram nobis* application is not now properly before us.  However, in view of the disposition on the appeal from the judgment, the appeal from the order becomes academic.  In any event, relief by way of *coram nobis* would not be available, since the infirmity in the judgment sought to be raised in such application appears on the face of the record (*People* v. *Calderon*, 5 N Y 2d 949; *People* v. *Eastman*, 306 N. Y. 658).  ·Christ, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., concurs in the dismissal of the appeal from the order but dissents as to the reversal of the judgment, and votes to affirm the judgment, with the following memorandum :  The first count of the indictment charges that defendant carnally knew a 14-year-old boy " with the mouth " of the defendant.  The majority is of the opinion that, as a matter of law, sodomy may not be committed if defendant uses his mouth, relying on *People* v. *Randall* (9 N Y 2d 413).  In my opinion, that reliance is misplaced.  The *Randall* case merely held that, where sodomy is committed " *by* the anus," it may be committed only by the one whose penis is used.  By analogy, if the charge here were the commission of sodomy " *by* the mouth " it could be committed only by the one whose penis is used.  However, here, as stated, the sodomy is charged to have been

committed "*with* the mouth," and, under the statute, sodomy may be committed not only "*by* the \* \* \* mouth," but also "*with* the mouth." Under the latter phraseology, the one whose mouth is used may also commit the crime. If the language "*with* the mouth" were interpreted the same as "*by* the \* \* \* mouth", as the majority holds, then the language "*with* the mouth" would become superfluous. The majority has emasculated the statute by making it impossible for a female to commit this crime, and by making it impossible for a male to commit the crime with his mouth on a male or a female. Such an interpretation, in my opinion, is erroneous. When this defendant pleaded guilty to the first count of the indictment, he admitted that he was the perpetrator of, and the active participant in, the crime "with his mouth," and not the recipient or victim. Therefore the judgment of conviction entered on his plea of guilty was proper.