FREDERICK A. MANN, Plaintiff, v. GEORGE GROOM, Defendant.

County Court, Monroe County, June 6, 1927.

*Frederick A. Mann* [*J. Arthur Jennings* of counsel], for the plaintiff.

*Clarence W. Haller* [*Daniel J. O'Mara* of counsel], for the defendant.

SHEDD, Special County Judge. This is an appeal, demanding a new trial, from a judgment of the Justice's Court of the town of Irondequoit dismissing plaintiff's complaint, with costs.

In this action, plaintiff seeks to recover damages against defendant for encroachment upon highway and for interference with use of highway by defendant. The right of jury was waived by both parties.

The evidence in this case shows that in the year 1909 one Anthony J. Schneider was the owner and in possession of certain property in the town of Irondequoit, Monroe county, N. Y. This property was subdivided and platted by Schneider, and a map filed in Monroe county clerk's office in 1909, in liber 19 of Maps, at page 4. The same year plaintiff became the owner of lots 2, 3 and 4 of said subdivision by sundry conveyances recorded in Monroe county clerk's office, in which deeds the said lots 2, 3 and 4 are particularly described as lots laid down on said map recorded as aforesaid, to which reference is made to said map. Indian Trail avenue is set out on said map as a street forty feet wide running from Bay avenue in a northeasterly direction, and ending at lot 2, owned by plaintiff, lot 3 being on the west side of said street, and lot 4 on the east side. Indian Trail avenue is the only means of egress and ingress to and from plaintiff's property.

There are only two or three houses on said street, one being that occupied by defendant under a lease, and located approximately half way between Bay avenue and plaintiff's residence. Indian Trail avenue rises steadily from plaintiff's property to Bay avenue. The street was unimproved when laid out by the subdivision owner, although plaintiff, at his own expense, has improved the middle twenty-four feet throughout its length by the addition of gravel and dirt, and the street has never been accepted by the town of Irondequoit.

It is now a well-settled law of this State that, when the owner of land lays it out in distinct lots, with intersecting streets, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit of having the streets kept open. And when in such a case a lot is sold bounded by a street, the purchaser and his grantees have an easement in the street for the purposes of access, which is property right. (*Lord* v. *Atkins*, 138 N. Y. 184; *Kerrigan* v. *Backus*, 69 App. Div. 329; *Williamson* v. *Salmon*, 105 Misc. 485; *Purdy* v. *Smith*, 190 N. Y. Supp. 27.)

And this easement prevails, although the street was never accepted. (*Haight* v. *Littlefield*, 147 N. Y. 338.)

This easement carried with it the right to the unobstructed

and uninterrupted use of the entire width of the highway for the purpose of passing and repassing, although there are temporary exceptions as to deposits for building purposes and to load and unload wagons, etc. (*Cohen* v. *Mayor, etc., of New York*, 113 N. Y. 532.)

Having an easement in Indian Trail avenue, it was plaintiff's right and duty to repair the road and keep the way in good order and to remove all obstacles to its enjoyment. (*McMillan* v. *Cronin*, 75 N. Y. 474; Washb. Ease. 67.)

On January twenty-second last, there had been a "January thaw," with rain. The street was almost free from snow. That night the weather turned cold, and the following day Indian Trail avenue was a glare of ice. Plaintiff, in order to render the road safe for travel, and to enable him to drive his automobile to the city, placed ashes on the traveled part of the road from his residence to Bay avenue, a distance of between 700 and 800 feet. When plaintiff, in the act of placing ashes on the road, had reached a point in the road in front of the premises occupied by defendant, he was stopped by defendant, and denied the right of placing ashes in front of defendant's premises. A few moments later defendant swept the ashes off of the portion of the highway in front of his said premises.

The evidence further shows that for a period of some months prior to this date defendant had been in the habit of leaving or parking his automobile for days and nights in the highway, he having no garage or facility for parking on his own premises. It is claimed by defendant that there was plenty of room in the highway for vehicles to pass his automobile. Whether there was sufficient room or not is not pertinent to the question involved here. Under decision cited above, this plaintiff and others using the highway had the right to unobstructed and uninterrupted use of this highway, and the storing of defendant's automobile in the highway constituted a nuisance, and was an infringement of plaintiff's right of easement.

So, too, in regard to plaintiff's right to place ashes in the highway. It was his right and duty to maintain said highway in proper repair and condition as a measure of prudence and precaution so as to render the said highway reasonably safe for traffic at all times, and defendant had no legal right to deny to plaintiff the right which the law gave him and the duty which the law imposed upon him.

No evidence on the question of damages was presented, but nominal damages follow where there has been an infringement of a substantial right. (*New York Rubber Co.* v. *Rothery*, 132

N. Y. 293; *Finley* v. *Atlantic Transport Co.*, 220 id. 249; *Quin* v. *Moore*, 15 id. 432; 17 C. J. Damages, p. 718, § 55; Washb. Ease. [4th ed.] 737; Sedg. Dam. [9th ed.] 167 *et seq.*)

It is my opinion, therefore, that plaintiff has established under the law and facts his right to nominal judgment of six cents, with costs.

Let findings of facts be prepared accordingly.