The People of the State of New York, Respondent, *v.* Mrs. Nathan Propp, Appellant.

County Court, Franklin County, October 26, 1939.

*Nathan Propp,* for the appellant.

*Ellsworth N. Lawrence, District Attorney,* for the respondent.

CAREY, J. This is an appeal from a judgment of the Police Justice Court of the village of Tupper Lake, county of Franklin, finding the defendant guilty of a violation of subdivision 3 of section 86 of the Vehicle and Traffic Law, for which a fine of ten dollars was imposed.

The facts in this case are substantially as follows: The appellant owns a home on the northwest corner of Park and Wawbeek avenues in the village of Tupper Lake, which she uses for the accommodation of tourists. On the 17th day of July, 1939, at about five P. M., the complaining witness, one Mrs. Arbeck, parked a 1934 Chevrolet in front of defendant's home, at a point which she states was between the sidewalk leading from the curb to the front door and the drive way leading to the garage. The defendant testified that the car blocked the sidewalk entrance. It further appears that the defendant requested Mrs. Arbeck to move her car; told her that it was tourist time and that the car was interfering with her business. Whereupon Mrs. Arbeck asked if she could leave the car there while she went to the post office, to which the defendant agreed. After having waited some twenty-five minutes, the defendant moved the Arbeck car a few feet, whereupon Mrs. Arbeck, upon returning, complained to the police, and swore to an information, upon which a warrant of arrest was issued, charging a violation of subdivision 3 of section 86 of the Vehicle and Traffic Law. To this charge the defendant entered a plea of not guilty; requested a jury trial, which was denied; was found guilty by the court, and fined ten dollars. It further appears from the facts that the home of the defendant is within the corporate village of Tupper Lake, and that there is no parking or driving ordinance affecting the streets upon which defendant's property abuts.

On the appeal the defendant raised the following questions:

*First.* That the use of a warrant of arrest was not proper for a violation of the Vehicle and Traffic Law.

*Second.* That a violation of subdivision 3 of section 86 of the Vehicle and Traffic Law does not constitute a felony, a misdemeanor, or an infraction.

*Third.* That the defendant was denied the right to a jury trial.

*Fourth.* That the village board of the village of Tupper Lake had never availed itself of the powers given to it by subdivision 1 of section 86 to designate by ordinance parking spaces on the street upon which the defendant's property abuts, and that, therefore, the complaining witness had no right to park her car in that particular place.

*Fifth.* That the defendant had certain easements as an abutting owner on said street, and that said easements were infringed upon by the act of Mrs. Arbeck in leaving her car on the street, and that said infringement constituted a private nuisance, which the defendant had the right to abate by her own act.

Discussing the first three of these contentions together, it appears that subdivision 29 of section 2 of said Vehicle and Traffic Law

defines a traffic infraction as being " the violation of any provision of this chapter, or any local law or ordinance governing, or regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared by this chapter as being a misdemeanor or a felony."

The pertinent part of subdivision 3 of section 86 of the Vehicle and Traffic Law provides that, " No person without authority of the driver shall set or attempt to set any vehicle in motion, or in any way interfere with any vehicle; provided, however, that for the purpose of getting away from the place of standing, a driver may move another vehicle which is so placed that he cannot get his vehicle out, and immediately thereafter he shall reset the brake."

It will be noted that there is no penalty or other punishment prescribed by said section for a violation thereof, but section 70 provides punishment for violations of the provisions of the Vehicle and Traffic Law, the first subdivision thereof prescribing the punishments and penalties for specific violations. The second sentence of subdivision 10 of said section provides, however, as follows: " Any person violating any other provision of this chapter, for which violation no punishment has been specified, shall be punishable by a fine of not exceeding twenty-five dollars for conviction of a first offense."

Consequently, subdivision 10 provides a penalty for a violation of subdivision 3 of section 86 of the Vehicle and Traffic Law, and, therefore, places such violation within the definition of a traffic infraction as defined by subdivision 29 of section 2. Said subdivision 29 of section 2 also reads in part as follows: " Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions, except however, that no jury trial shall be allowed for traffic infractions."

The question as to the constitutionality of this statute was not directly raised, but in any event will not be passed upon, but the statute will be assumed to be constitutional. Therefore, by the provisions of said subdivision 29 of section 2, the right to a jury trial for a traffic infraction is expressly excepted. Such subdivision also provides that for the purpose of exercising jurisdiction such acts and violations shall be deemed misdemeanors. The plain, and apparently intended, meaning thereof is that for the purpose of prosecuting such traffic infractions the procedural rules for the trial of misdemeanors should be applicable.

Since then the court below had the right to issue a warrant of arrest, had this been a misdemeanor, it follows that it had the right to issue a warrant of arrest for this traffic infraction. It appears that the contention of the defendant as contained in the first three objections cannot be upheld for it is the plain intent of the statute that any violation of the provisions of the Vehicle and Traffic Law not expressly declared to be a misdemeanor or a felony constitutes a traffic infraction, for which the statute expressly declares there is no right to a jury trial, and provides further that the same procedure be followed for such infractions as is exercised in the trial or prosecution of misdemeanors.

The contention that inasmuch as the governing body of said village had never designated the street in front of the defendant's property as a parking space, and that, therefore, the complaining witness had no right to park there, will be discussed in connection with the other point raised by the defendant, namely: that the parking constituted a nuisance.

It seems to have been well settled under the common law of this State that the owner of property abutting on a public street has certain easements of ingress, egress, light, air, right of view and the right to have the street kept open and continued as a public street for the benefit of the abutting property. (See 1 Blashfield's Cyclopaedia of Automobile Law and Practice [Permanent ed.], § 78.) Likewise see *Callanan* v. *Gilmore* (107 N. Y. 360) and *Mann* v. *Groome* (133 Misc. 260), wherein it was held that an abutting owner had an easement entitling the owner to an unobstructed and uninterrupted use of the street for the purpose of passing with certain temporary exceptions. (See, also, *Decker* v. *Goddard*, 233 App. Div. 139, a case relied upon by the appellant and the cases referred to therein.) The last case cited is one where the plaintiff obtained an injunction forbidding the defendant from parking his automobile in the street in front of the plaintiff's residence. It was held that the defendant's parking constituted a willful and deliberate interference by the defendant with plaintiff's easements to his residence of light and air, and the privilege of making observations without unlawful obstruction. However, in that case the defendant parked his car for a considerable number of days for seven hours each day under a claim of right and against plaintiff's protest.

Assuming that the defendant had, by common law, easements of ingress, egress and of observation toward the street, the next question is whether or not the defendant had the right to interfere with the car for the purpose of moving it. She claims that right by virtue of that principle of law set forth in the Restatement of the Law of Torts (§ 264), which reads as follows:

" One is privileged intentionally to intermeddle with chattels in the possession of another for the purpose of abating a private nuisance created or maintained by the possessor if such intermeddling is a reasonable means of abating the nuisance and if the possessor of the chattel, upon demand, has failed to abate the nuisance or the actor reasonably believes that such demand is impractical or useless. * * *.

" It is immaterial whether the nuisance unreasonably interferes with the actor's possessory interest in land or with his privileged use of a public highway."

There are several cases in this jurisdiction where this theory has been followed, and the abatement of a nuisance has been accomplished by the act of the owner of the possessory interest or privilege. (See *Roxbury Light & Power Co.* v. *Dimmick*, 196 N. Y. Supp. 320; *Lyle* v. *Little*, 33 id. 8.)

It is a well-known principle of construction that the common law established through the course of years by the decisions of the courts prevails unless it has been altered by statutory law. Likewise, in construing either statutes, or the opinions of the courts the law most recently established as the law of this State prevails over conflicting law previously established. At common law then, the defendant might well have had the right to abate the nuisance created by the act of the complaining witness in parking her car in front of defendant's home. But this right has been expressly denied the defendant by statute, namely, subdivision 3 of section 86 of the Vehicle and Traffic Law, which with other provisions of said chapter characterizes the defendant's act in attempting to abate this nuisance as a traffic infraction and forbids it. This is emphasized by the fact that the statute forbidding moving a car expressly excepts such moving as is necessary " for the purpose of getting away from the place of standing."

As a matter of public policy it would be a serious inconvenience to the public to allow interference with parked cars. This is particularly so since there has been such an increase, not only in the number of automobiles operated but in their use of the public streets. Forbidding the operators thereof the right to temporarily stop their cars for business and social purpose would seriously discommode the general public. In fact in *Decker* v. *Goddard* the court said: " Street user of a minor and incidental character — other than for travel — user such as will not interfere with public or private rights or privileges — is permissible and is constantly indulged in without question. Temporary stops by vehicles at the curbline for social or business purposes are reasonable and are not interdicted. But even in these days of almost countless automo-

biles, the storing of a vehicle for a considerable period of time at a curb in front of an owner's residence may be a nuisance under the common law."

Even assuming that the defendant had the right to abate this alleged nuisance, it would appear that before her right would become established either in a proceeding to abate or by her own act, the interference must be one that is unreasonable. In view of the common usage of the streets and highways today, it does not appear that the act of the complaining witness in parking her car for a period of twenty-five minutes in front of the defendant's home, whether directly in front of the entrance or not, would be such an unreasonable interference with defendant's easements as would entitle her, first, to succeed in a proceeding for an injunction, or, second, to by her own act, abate the nuisance.

The appeal is dismissed and judgment of conviction affirmed.