THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS R. KARNOW, Appellant.

County Court, Suffolk County, August 11, 1953.

*Schechter & Schechter* for appellant.

*Harry C. Brenner, District Attorney (Bernard C. Smith* of counsel), for respondent.

HAZLETON, Acting County Judge. This defendant had ignored five summonses left with his automobile when on five different occasions he had parked his car in violation of the Parking Meter Ordinance of the Town of Huntington. This indifferent conduct upon his part constituted disorderly conduct according to the terms of the ordinance, and made defendant subject to a fine of $50 and/or imprisonment for thirty days, for each violation.

Later, without any information being lodged or warrant issued, defendant, in response to a letter appeared before a Justice of the Peace; and, after having the charge explained and having been informed of his rights, pleaded guilty. He was thereupon fined $50 for each violation, making a total of $250.

Among the reasons urged why the judgment herein should be set aside are two that merit consideration. First, let us consider defendant's contention that the ordinance under which he was convicted is unconstitutional. To this I do not subscribe. (See *People* v. *Rubin,* 284 N. Y. 392.) However, when it comes to holding one guilty of the offense of disorderly conduct when in truth he has merely violated a provision of a parking meter ordinance we are confronted with a serious matter, since the term disorderly conduct in some instances is a term of opprobrium. Section 722 of the Penal Law describes what acts constitute disorderly conduct, and violation of a parking ordinance is not among them. Further, no town has any more power than given it by statute. Where has the Legislature given to the Town of Huntington the power to prescribe a violation of a parking meter ordinance to constitute disorderly conduct? The answer is nowhere. Therefore, that part of the ordinance which attempts to do so is ineffective. But this does not mean that because a violation of the ordinance is improperly labeled that the punitive provisions of the ordinance are without force. Using the wrong term in describing a violation of an ordinance does not in itself result in the ordinance becoming impotent. What the defendant pleaded guilty to, regardless of the inept terms used to describe the violation, nevertheless constituted an infraction of the ordinance making the defendant subject to proper punishment.

In this regard, it should be noted that by his admitted conduct, defendant herein committed a " traffic infraction ". A violation of a town ordinance is a misdemeanor, " except as otherwise provided by law ". (Town Law, § 135, as amd. by L. 1947, ch. 199.) Subdivision 29 of section 2 of the Vehicle and Traffic Law provides that a " violation of any provision * * * of any local * * * ordinance * * * regulating traffic, where a penalty or other punishment is prescribed and which is not expressly declared by this chapter to be a misdemeanor or a felony ", is a traffic infraction. An ordinance which regulates parking, is of course, one which regulates traffic. (*People* v. *Rubin*, 284 N. Y. 392, 395, *supra.*) After stating, *inter alia*, that a traffic infraction is not a crime, subdivision 29 of section 2 further provides: " Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, except as herein otherwise expressly provided, shall apply to traffic infractions, except however, that no jury trial shall be allowed for traffic infractions." Clearly, the jurisdiction of the subject matter (violation of a town ordinance qua misdemeanor) which a justice of the peace sitting as a Court of Special Sessions would otherwise have by virtue of subdivision 35 of section 56 of the Code of Criminal Procedure, is preserved by this last-quoted sentence of the Vehicle and Traffic Law which delineates such conduct as a " traffic infraction " where the ordinance violated regulates traffic.

It is equally clear, however, with respect to subdivision 29 of section 2 of the Vehicle and Traffic Law, that " [t]he plain, and apparently intended, meaning thereof is that for the purpose of prosecuting such traffic infractions the procedural rules for the trial of misdemeanors should be applicable." (*People* v. *Propp*, 172 Misc. 314, 316.) It follows that defendant's other point, that the Justice lacked jurisdiction to try the defendant since no complaint or information had been filed, cannot be overruled.

Until the decision by the Court of Appeals in *People* v. *Jacoby* (304 N. Y. 33) there was no doubt anent the soundness of defendant's position. In the *Jacoby* case, the defendant pleaded guilty to a violation of section 43 of the Penal Law, a misdemeanor, after signing a " statement " in which he admitted his conduct, set forth in detail. Three opinions

resulted from the argument on appeal. Judge CONWAY and two associates, in the prevailing opinion held that the defendant's statement served the purpose of an information and might be construed as meeting the requirement. This language was used by the court (p. 40) : '' So here we treat the defendant's affidavit as the information on this unusual record.'' Judge DESMOND alone, held that the defendant had waived the filing of an information and was bound by his act; while Judge FULD with two colleagues held that the statement signed by defendant could not be regarded as the equivalent of an information, and that the conviction should be reversed. Thus, six members of the court, although differing on the result, agreed that either an information or its equivalent is essential.

In the instant appeal, there was no statement of admission of guilt signed by the defendant, so that in this respect this case differs from the *Jacoby* case. I do not presume to extend the limits fixed by that decision. I therefore find that no information or its equivalent was filed or exists in this proceeding.

It is true that article 14-B of the General Municipal Law permits towns to establish what are called traffic violation bureaus. Section 371 of the General Municipal Law outlines the procedure to be followed when a traffic violations bureau is established; and apparently, authorizes the procedure adopted in the present case. However, where a motorist appears in court in compliance with a ticket, an information must be sworn out, and the defendant arraigned unless a traffic violations bureau has been established by the municipality. This court takes judicial notice that at the time the defendant herein was sentenced, no such traffic bureau had been set up by the Town of Huntington.

The judgment herein is accordingly reversed on the law and this proceeding is remitted to the Justice's Court, Town of Huntington.