Frederick W. Loomis, J,
On April 26, 1959, the defendant was given a uniform traffic ticket by two police officers notifying him to appear in the Oneonta City Court on a charge of violating subdivision 19 of section 35 of a city ordinance, being the section relating to excessive speed. It was alleged on the face of the ticket that the defendant travelled 45 miles per hour in a 30-mile per hour speed zone. The defendant appeared in the *624 Oneonta City Court at the designated time pursuant to such ticket. No information was sworn to or filed against the defendant. The Judge stated to him that he was charged with a violation of section 35 of Ordinance 19. The Judge further indicated that the back of the ticket had a notation that the defendant was traveling 45 miles per hour in a 20-mile zone. It is to be noted that this differed from the face of the ticket which charged the defendant with traveling 45 miles per hour in a 30-mile zone. After being advised of his rights, the defendant stated that he did not want a lawyer,’ nor a trial, and entered a plea of guilty, upon which plea he was sentenced to pay a fine of $25. The defendant now appeals to this court and alleges that the judgment of conviction should be set aside for the principal reason that the court had no jurisdiction to hear and pass on the charge since no formal information was filed with the court and that by appearing and entering a ple,a of guilty, the defendant could not waive such claimed jurisdictional defect.
It seems to be now clearly established that in the prosecution of a crime, the failure to file a formal and sufficient accusation, or information, is not waived even if a defendant voluntarily submits to the jurisdiction of the court. Earlier lower court decisions have held that the absence of a verified information in the prosecution of crimes was a formal defect which was waived by a plea of guilty. (City of Buffalo v. Murphy, 228 App. Div. 279; City of Buffalo v. Neubeck, 209 App. Div. 386; and many others.) There were also some earlier cases which held that such a defect was not waived by a plea of guilty. (People v. James, 11 App. Div. 609; People v. Bell, 148 N. Y. S. 753.) However, since the decision of the Supreme Court of the United States in Albrecht v. United States (273 U. S. 1, 8) wherein it is stated: “ A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court ’ ’ and since the decision of the Court of Appeals in People v. Jacoby (304 N. Y. 33), the courts have taken the position that the requirement of a written information was not waived by a plea of guilty. (People v. Tompkins, 202 Misc. 147; People v. Halling, 203 Misc. 428; People v. Mavis, 5 Misc 2d 943.) In the case of People v. Jacoby (supra, p. 43) the court said: “ We all seem to be agreed that, prosecution for a misdemeanor can proceed only upon a written information designating the offense charged and setting out the acts allegedly committed by the defendant constituting that offense —and, indeed, there can be no doubt of that proposition.”
Thus the law in this State seems now to be clearly settled that in the prosecution of felonies and misdemeanors, the failure to *625 file a written information constitutes a fatal jurisdictional defect which is not waived by a defendant’s voluntary appearance before the court or by a plea of guilty.
The question for determination on this appeal is whether the same requirements apply with regard to the filing of an information, and the waiver thereof, by the defendant’s appearance or plea, to those offenses below the grade of a misdemeanor, such as the traffic infraction herein involved. As near as this court has been able to determine from a study of the law and cases and the legal memoranda submitted herein this question has never been directly determined by the Court of Appeals.
Many cases in determining the necessity of an information and the waiver thereof in cases of felonies and misdemeanors, have inferred that the Court of Appeals might relax such requirements with respect to those offenses below the grade of a misdemeanor. In People v. Halling (203 Misc. 428, 430, supra) it is stated as follows: “It would appear therefore that no pronouncement has as yet been made by our Court of Appeals as to the necessity of a filed information in criminal prosecutions below the grade of misdemeanors. It is believed, however, in view of the references made on that question in the Grogan and Jacoby cases, that in the event the question was squarely presented to our highest court, it would conclude that in cases below the grade of a misdemeanor, the filing of an information could be dispensed with.” The Court of Appeals in considering the sufficiency of an information in People v. Grogan (260 N. Y. 138, 141) stated, “ we must keep in mind the distinction between a crime, to wit, a misdemeanor, and those minor offenses dealt with summarily by justices of the peace or magistrates, * * * These minor offenses, below the grade of misdemeanors, have always constituted in our law a class by themselves.” Judge Fuld in a dissenting opinion in People v. Jacoby (304 N. Y. 43, 45) states that a relaxation of standards with respect to an information cannot be sanctioned where the court is dealing with a misdemeanor — “though it may perhaps be warranted for greater informality in the case of prosecutions for offenses below the grade of misdemeanors.”
Undoubtedly it is desirable that traffic infractions be handled in our courts as expeditiously as possible and it may be desired, in some quarters, that the proceedings be conducted in a less formal manner than is required in those cases involving felonies and misdemeanors. However, I can only conclude that under the law as it now exists some type of a formal charge, whether it be denominated an information or a complaint should be filed with the court in order to give the court jurisdiction, to properly *626 apprise the defendant of the offense with which he is charged, and to avoid the possibility of a subsequent arrest and trial for the same charge.
In the first place, great confusion results in the treatment of this hybrid creature denominated a 1 (traffic infraction ’ ’ by the very statute itself. Section 155 of the Vehicle and Traffic Law defines a traffic infraction and in that connection states as follows: “ A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment ”. It is difficult for me to perceive how any “punishment” can be anything-but “penal.” Can the Legislature change the effect of an act simply by stating it is not what the usually accepted definition of a word actually is? If a perpetrator of a traffic infraction is subjected to a fine is that not in fact a punishment for his violation? Does the fact that the Legislature has said that such ‘ ‘ punishment ’ ’ shall not be deemed “for any purpose a penal or criminal punishment” make it any less a punishment or penalty? The results of convictions of traffic infractions can be serious, not only in the amounts of money taken from a defendant by means of fines, but he may eventually be deprived of his license to operate a motor vehicle which, in this day and age, is a valuable privilege. It is because of the seriousness of the consequences of convictions of traffic infractions that I feel that any relaxation in the legal requirements, and any informality in the treatment of these cases, must come either from the highest court in this State or by act of the Legislature.
Certainly the imposition of a fine on such a conviction is a deprivation, or taking, of property belonging to the accused. In the case of Weeks v. United States (216 F. 292, 293 [C. C. A. 2d], cert, denied 235 U. S. 697), the Federal court held as follows: “ A court can acquire no jurisdiction to try a person for a criminal offense unless he has been charged with the commission of the particular offense and charged in the particular form and mode required by law. If that is wanting, his trial and conviction is a nullity, for no' person can be deprived of either life, liberty or property without due process of law.” (Emphasis mine.)
Section 155 of the Vehicle and Traffic Law further provides that “ Outside of cities having a population in excess of one million, courts and judicial officers heretofore having jurisdiction over such violations shall continue to do so and for such purpose such violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors except as provided in subdivision two of section three hundred thirty-five of the *627 code of criminal procedure and except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions. ’ ’ The only exceptions set forth in section 335 of the Code of Criminal Procedure are to the effect that a defendant may waive the requirement in subdivision 1 of section 335 of the code which provides that a plea of guilty can only be put in by the defendant himself in open court; he may waive the provisions of section 335-a of the Code of Criminal Procedure with reference to being advised with respect to the effect of a conviction; he may waive the requirements of section 699 of the Code of Criminal Procedure with respect to being informed of his right to counsel, his right to have the charge read to him and his right to plead thereto in open court. It is to be noted that even in such cases the waiver must follow a specifically prescribed form. The only other exceptions to the requirement that such violations ‘ ‘ shall be deemed misdemeanors and all provisions of law relating to misdemeanors ” shall apply is that no jury trial shall be allowed for traffic infractions. Since it has been determined that an information is required and that the same may not be waived by a voluntary appearance or plea of a defendant in misdemeanor eases, and since the filing of an information is not dispensed with pursuant to any of the exceptions contained in section 155 of the Vehicle and Traffic Law, it would seem that if, in all other respects, traffic infractions are to be deemed misdemeanors and all provisions of law relating to misdemeanors shall apply, then it is necessary that an information be filed in cases involving traffic infractions and it would seem that the same holdings regarding waiver thereof should apply as have been applied to misdemeanors.
The Court of Appeals has held that this section, formerly subdivision 29 of section 2 of the Vehicle and Traffic Law, constitutes ‘1 a legislative declaration that traffic infractions were to be treated as misdemeanors as far as the procedure for their prosecution was concerned.” (Squadrito v. Griebsch, 1 N Y 2d 471.)
Even prior to 1955 when subdivision 2 of section 335 of the Code of Criminal Procedure was added to the law, there was a provision in section 371 of the General Municipal Law authorizing a person charged with a violation of traffic laws, ordinances, rules and regulations, which did not constitute a misdemeanor or felony, to enter a plea of guilty to the charge by a written power of attorney waiving a hearing in court. This applied where a traffic bureau had been established pursuant to section 370 of the General Municipal Law. However, *628 it should be noted that the offense of speeding was excepted from among the offenses in which a defendant could waive such appearance and pleading. Also, it is interesting to note the opinion of the State Comptroller dated July 21, 1947 (3 Op. St. Comp., 1947, p. 342) in which he concludes that even where a motorist, appears in court in compliance with a ticket issued by a police officer, an information must be sworn out and the defendant arraigned unless a traffic violations bureau has been established for the municipality. Even if such a bureau has been established, it would seem that the State Comptroller felt that an information was required. A part of that opinion reads as follows: “ If use is made of such a bureau, the motorist can appear, pay a prescribed fine and sign an authorization permitting the person in charge to appear for him and plead guilty. The information can then he sworn by the police officer, the pleas made and fines paid over to the court by the person in charge of the bureau.” (Emphasis mine.) Apparently subdivision 2 of section 335 was added to the law to enable the appearance of the defendant to be dispensed with even in those jurisdictions where there was not a traffic bureau but nowhere in such section does it provide that in so doing the defendant waives the filing of an information or a formal accusation.
The provisions of section 155 of the Vehicle and Traffic Law were formerly incorporated in subdivision 29 of section 2 of the Vehicle and Traffic Law. That section also formerly provided that for the purpose of exercising jurisdiction, such acts and violations, that is, traffic infractions, shall be deemed misdemeanors. It; has been held that “ the plain, and apparently intended, meaning thereof is that for the purpose of prosecuting such traffic infractions the procedural rules for the trial of misdemeanors shall be applicable.” (People v. Propp, 172 Misc. 314, 316.)
It has also been directly held that where a motorist appears in court in compliance with a ticket, an information must be sworn out and the defendant arraigned, unless a traffic violation bureau has been established by the municipality. (People v. Karnow, 204 Misc. 632.) This case was decided before subdivision 2 of section 335 of the Code of Criminal Procedure was enacted and undoubtedly if there had been a traffic bureau in existence at that time, or even now, under the new section the defendant would not have to have been personally arraigned but under neither the provisions of the General Municipal Law nor section 335 of the Code of Criminal Procedure is an information dispensed with.
*629 ■ Judge Martin Sohenck, Albany County Judge, in People v. Marble (17 Misc 2d 919) reversed a conviction of a defendant accused of driving through a ‘‘ light flashing red ’ ’, a traffic infraction, where there was no arrest and no warrant was issued, on the ground that the information filed against the defendant was made by a State Trooper who was not present at the time of the violation and that there were no supporting statements or depositions accompanying the information and was therefore insufficient to confer jurisdiction on the trial court. The defendant in that case, as in this one, simply appeared before the court pursuant to a “ uniform traffic ticket.” If a court does not acquire jurisdiction by reason of a defective information, then it would appear that the court does not acquire jurisdiction in the absence of any information at all.
Nor do I believe that the traffic ticket in the instant case can be held to take the place of an information. It is simply an unverified notification to appear in court to answer a charge of speeding. Even if it be said that a traffic ticket is sufficient to constitute a formal charge in such cases, the actual charge in this case as described by the Judge differed from the allegation set forth on the front of the traffic ticket. The traffic ticket alleged that the defendant drove 45 miles per hour in a 30-mile per hour zone, whereas the Judge charged the defendant with driving 45 miles per hour in a 20-mile per hour zone. This charge as described by the Judge was apparently taken from some pencil notations on the back of the court’s copy of the ticket unsigned by anyone, not a part of the original ticket which was handed to the defendant, and it does not appear by what means the Judge acquired knowledge of the charge of which he advised the defendant. Even if a traffic ticket is deemed to take the place of an information, then certainly if the charge is to differ from the allegations contained in the ticket there should be an amendment of the allegation in the same manner in which any information or complaint is required to be amended in a court of law.
Even the Vehicle and Traffic Law seems to anticipate that something further than a traffic summons is required in the prosecution of traffic infractions. Section 74-b of the Vehicle and Traffic Law sets forth the officers who may take the oath of a peace officer who has served a traffic summons “ in connection with the execution of the complaint to be presented in court by such peace officers in the prosecution of such offense.” (Emphasis mine.)
It would appear that even though a formal information, as such, might be dispensed. with, nevertheless some form of complaint, probably verified, is contemplated under this statute.
*630 In the absence of an information, or a complaint, and since the actual charge differed from the face of the “ traffic ticket ”, the conviction herein should be reversed, the charge dismissed, and the fine remitted. Submit order.