THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CONSTANTINE ZAMBOUNIS, Appellant.

(Argued April 29, 1929; decided May 28, 1929.)

*Walter H. Pollak, Carol W. King* and *George C. Vournas* for appellant. The information gave no definition of the crime charged, afforded no opportunity to the defendant to prepare for trial and was and is no bar to a second prosecution. A conviction resting upon such an information cannot stand. (*Hodgson* v. *Vermont,* 168 U. S. 262; *Rosen* v. *United States,* 161 U. S. 29; *Bartell* v. *U. S.,* 227 U. S. 427; *Floren* v. *U. S.,* 186 Fed. Rep. 961; *Winters* v. *U. S.,* 201 Fed. Rep. 845; *People* v. *Hallenbeck,* 52 How. Pr. 502; *Reyes* v. *State,* 34 Fla. 181; *McNair* v. *People,* 89 Ill. 441; *Com.* v. *McCance,* 164 Mass. 162; *Com.* v. *Wright,* 139 Mass. 382.)

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *Edwin B. McGuire* of counsel), for respondent. The information is sufficient. (*People* v. *Flack,* 216 N. Y. 123; *People* v. *Seidenshner,* 210 N. Y. 341; *People* v. *Zabor,* 44 Misc. Rep. 633; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *People* v. *Dillon,* 197 N. Y. 254; *People* v. *Pease & Elliman, Inc.,* 219 N. Y. 627; *People* v. *Clayton,* 185 App. Div. 887.)

CRANE, J. Title II of part V of the Code of Criminal Procedure relates to proceedings in the Courts of Special Sessions in the city of New York. Criminal actions in the Courts of Special Sessions must be prosecuted by information made by the District Attorney on returns filed by a magistrate, or information filed by the District Attorney by the direction of a grand jury. Section 742 gives the form of the information; it must state the crime with

which the accused is charged, and set forth the act charged as an offense. This is the same form required for an indictment (Section 276 of the Code of Criminal Procedure). Like provisions must mean the same thing. An information must set forth the acts constituting the crime with the same clarity as an indictment.

The District Attorney concedes in his brief and conceded on the argument that the information in this case would not be sufficient as an indictment. (*Rosen* v. *U. S.*, 161 U. S. 29; *Bartell* v. *U. S.*, 227 U. S. 427.) The defendant is accused of the crime of unlawfully possessing indecent printed matter, and the act constituting the offense is stated as follows:

" The said defendant on the 15th day of January, 1927, and thence continuously to the day of the making and filing of this information, at the City of New York, in the County of New York, with intent to sell and show, unlawfully possessed certain lewd, lascivious, indecent, obscene and disgusting printed matter, whereof a more particular description would be offensive to this court and improper to be spread upon the records thereof, wherefore such description is not here given; against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

This is insufficient. The name and nature of the publication is not given, neither a description of the printed matter; the dates, even, of the publication of the article are not specified. It is not necessary to set forth in detail the obscene matter, but it is necessary to describe it or identify it with some exactness. The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense. On the above information the defendant would have to resort to the testimony or the record of the evidence to show the

crime for which he was tried, whereas the indictment or the information alone must be sufficient to show this fact.

In this case the defendant well knew the acts constituting the offense with which he was charged. On the hearing in the Magistrates' Court the affidavits had sufficiently stated those acts. The information, however, filed pursuant to section 742 of the Code of Criminal Procedure, supersedes proceedings in the Magistrates' Court (*People* v. *McCarthy*, 250 N. Y. 358; *People ex rel. Phillips* v. *Hanley*, 164 App. Div. 150; *People ex rel. Hertz* v. *Warden*, 154 App. Div. 888; *People* v. *Kalbfleisch Co.*, 174 App. Div. 108); and the information as a matter of practice must state, as we have already said, the crime and the acts constituting it with the same particularity as an indictment. The information cannot be supplemented or pieced out by the affidavits in the Magistrates' Court.

The judgment of conviction must be reversed. Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos. Much impatience is being shown with the technicalities of the law, and at times it is justified. The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law. The judgment of the Appellate Division and that of the Court of Special Sessions should be reversed and the information dismissed.

CARDOZO, Ch. J., POUND, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.