THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY TRETNECK, Defendant.

County Court, Special Term, Columbia County, October 5, 1940.

*Edward H. Best, District Attorney*, for the plaintiff.

*Wilson & Connor [William E. J. Connor* of counsel], for the defendant.

INMAN, J. The defendant was convicted of a misdemeanor on a plea of guilty at a Court of Special Sessions held July 22, 1940, by Claude Decker, justice of the peace of the town of Clermont, and paid a fine of twenty-five dollars. He did not appeal but has moved for an order vacating the certificate of conviction upon the ground that the information charged no crime.

The information charged " That one Henry Tretneck, on the 21st day of July, 1940, at the property of complainant, in the town of Clermont, County of Columbia, N. Y., at about 11:30 o'clock in the forenoon of that day, did commit the crime of misdemeanor, viol. [Laws of 1934], Chap. 478, Sec. 106, Subd. 3, A.B.C. Law by wrongfully, unlawfully, willfully, corruptly, falsely, maliciously and knowingly did deliver or cause to be delivered at the property of the complainant one glass gallon jug, containing cider, during the hours prohibited by law contrary to and in violation of the above named section of law."

The defendant and a partner operate a restaurant in the town of Clermont and hold a license to sell wine at retail for consumption on the premises pursuant to section 81 of the Alcoholic Beverage Control Law. Further references hereinafter to section numbers refer to the same statute. Such license authorized the licensees to sell wine, beer and cider. (§ 59.) July 21, 1940, was a Sunday. The property of the complainant is a farm in the neighborhood of the licensed premises.

Subdivision 3 of section 106, containing provisions governing licenses to sell at retail for consumption on the premises, prohibits a retail licensee for on-premises consumption from selling or delivering any liquors or wines for consumption off the premises where sold.

Alcoholic beverages include liquors, wines, beer and cider, but liquor, wine, beer and cider are each a distinct type of alcoholic beverage. (§ 3.) Cider is the fermented juice of apples. Beer is a fermented beverage manufactured from malt. Wine is a product of the fermentation of the juice of grapes. Liquor is a distilled alcoholic beverage. The defendant has been charged with delivering cider off the premises. Since cider is neither liquor nor wine, it is obvious that he did not violate subdivision 3 of section 106.

The district attorney contends that the information is sufficient under subdivision 5 of the same section, which prohibits the sale or giving away of alcoholic beverages upon licensed premises during

certain hours on Sunday. The defendant was not charged with delivering the cider on the licensed premises, but was charged with delivering the same on the farm of the complainant.

All persons are prohibited from manufacturing or selling alcoholic beverages without license, but alcoholic beverages owned by a person may be transported from place to place not for purposes of sale. (§ 116.) No provision of law has been found making it a crime for a person to deliver cider at a farm.

The defendant states in his affidavit that he was under the impression that he was charged with delivering cider on Sunday, that he was uncertain whether such act was in violation of law, and that he pleaded guilty as the easiest way out. He may have committed some crime but none was charged in the information.

The case does not come within the rule providing that defects in informations and indictments are waived unless objection is made before judgment. This information was not merely defective, it was a nullity. It does not contain a statement of facts constituting any crime. The defendant is entitled to have the certificate of conviction vacated. (*People* v. *Chmielewski,* 153 Misc. 386.)

Submit order.