THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALDEN P. STEVENS, Appellant.

County Court, Columbia County, November 3, 1947.

*Harold V. A. Drumm* for appellant.

*Thomas P. Kennedy, District Attorney,* for respondent.

CONNOR, J.   The defendant has pled guilty to a violation of section 43 of article 2 of the Penal Law of the State of New York, and was sentenced by ROBERT H. LYNN, a Justice of the Peace, to imprisonment in the county jail for 180 days.  Section 43 of the Penal Law is a catchall section of the Penal Law which apparently was intended to be used for the purpose of imprisoning dissolute persons against whom no other provisions of the Penal Law would apply.  Before, however, a person can be convicted

of violating this section, some type of crime must be charged.

Even though a person may plead guilty to the violation of this section, or any other section stated in the information, it must constitute a crime. (*People* v. *Patrick*, 175 Misc. 997; *People* v. *Tretneck*, 175 Misc. 41.) A person cannot plead guilty to facts which are harmless and innocent and thereby subject himself to imprisonment.

Where a person has pled guilty to facts which in and of themselves do not constitute a crime, even though the time to appeal has expired, the certificate of conviction filed in the county clerk's office may, and must on application, be cancelled. (See *People* v. *Patrick, supra; People* v. *Tretneck, supra; People* v. *Rosenkrantz*, 123 Misc. 335.)

The information in this case states that one Walden P. Stevens on the 9th day of June, 1947, at the public highway, in the town of Claverack, County of Columbia, New York, at about 2:00 o'clock in the afternoon of said day, did commit the crime of misdemeanor (Penal Law, art. 2, § 43) against the person and property of People of State of New York by wrongfully, unlawfully, willfully, corruptly, maliciously and knowingly did outrage public decency by luring one Anna Mae Faulkner away from her home and to abandon two minor children, and did spend the night of said day away from home in a car operated by the said Walden P. Stevens contrary to law.

These facts do not state a crime, nor do they state any violation of the provisions of section 43 of the Penal Law of the State of New York. It certainly is no crime for two adult persons to spend the night in an automobile. There is no statement in the information that the children were left destitute or left without a guardian, or any statement that the children were to be wholly abandoned, there is no charge that they were seen in the automobile, that they had sexual intercourse or committed adultery, or that they did anything other than spend the said night in the automobile.

The certificate of conviction should be cancelled and the Sheriff of the County of Columbia directed to discharge the defendant.