THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM
F. CHATLOS, Appellant.

First Department, April 20, 1954.

*Bernard M. Kommel* of counsel (*Kommel & Rogers,* attorneys), for appellant.

*Samuel D. Johnson* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* The information in this case charged the defendant with a violation of certain sections of the Multiple Dwelling Law for permitting the former maids' rooms in a penthouse to be occupied by rent-paying tenants. None of the several sections of the Multiple Dwelling Law set forth in the information provides that this constitutes a violation of that law. It is true that the Tenement House Law (L. 1909, ch. 99, as amd. by L. 1912, ch. 454) contained a provision in section 51 that " Such pent houses shall not be used or rented as apartments, but their

use shall be limited solely to laundry and store room purposes, and to servants' and janitor's quarters ''. This provision, however, was deleted from the section by chapter 176 of the Laws of 1926. Furthermore, in 1929, the Multiple Dwelling Law superseded the Tenement House Law as mandatory for New York City (L. 1929, ch. 713, § 365, subd. 4) and no such prohibition relating to penthouse rooms is found therein.

The People attempt to sustain the conviction by contending that the appellant failed to obtain a certificate of conversion before renting the rooms and that the sanitary facilities were inadequate in violation of one or more of the four sections of the law set forth in the information. The obvious answer to these contentions is that no such crime is charged in the information. The requirement that an indictment and an information must state the crime with which a defendant is charged and the particular acts constituting the crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law. (*People* v. *Zambounis*, 251 N. Y. 94, 97.)

The judgment appealed from should be reversed, the information dismissed, and the fine remitted.

DORE, J. P., CALLAHAN, BASTOW and BOTEIN, JJ., concur.

Judgment unanimously reversed, the information dismissed and the fine remitted.