THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROLAND MULVEY, GEOFREY SCHERMERHORN, RICHARD CURRY, MELVIN GOLDSTEIN, RICHARD AUBRY and HOWARD SHAFER, Appellants.

County Court, Broome County, November 12, 1954.

*John D. O'Loughlin* for appellants.

*Robert E. Fischer, District Attorney (Louis J. Casella* of counsel), for respondent.

BRINK, J. The above-named defendants have appealed from a judgment of conviction rendered against them in the Justice Court of the Town of Vestal, Broome County, New York, on the first day of March, 1954, upon their plea of guilty before LELAND E. MORTON, Esq., Justice of the Peace, to an information charging them with the offense of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law of the State of New York. Each of the said defendants was sentenced to sixty days in the Broome County Jail, with the execution of the sentence suspended pending good behavior. One of the grounds set forth in the notice of appeal and affidavit is, that the papers before the Justice were improper and illegal and the court had no jurisdiction to convict and that the defendants pleaded guilty to a set of facts that constituted no crime whatsoever.

The information charges that the defendants committed the offense of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law of the State of New York, " by wrongfully, unlawfully, willfully and knowingly did at the above mentioned time and place act in such a manner, as to annoy, disturb, interfere with, obstruct or be offensive to others." Such a statement is merely the conclusion of the informant. The information does not state any facts upon which the conclusion is based. An information is defective unless it states the particular acts constituting the crime. (*People* v. *Zambounis,* 251 N. Y. 94; *People* v. *Tretneck,* 175 Misc. 41; *People* v. *Huyck,* 171 Misc. 467; *People* v. *Williams,* 135 Misc. 564.)

The Justice of the Peace in his return states, " that the acts constituting the offense of Disorderly Conduct with which each

of these defendants was charged, were stated to them, namely, that they were being boisterous and noisy in a public restaurant, thereby annoying and disturbing the waitresses and patrons of such restaurant." It must be implied, that such statement was made to the defendants orally. When a written information is filed, the written information constitutes the charge. (*People* v. *Zambounis,* 251 N. Y. 94, *supra.*)

Even if the written information contained allegations that the defendants were noisy and boisterous in a public restaurant, this court seriously doubts that such acts standing alone would be sufficient to constitute disorderly conduct. The defendants are all college students. It often happens that young people, while congregated in a restaurant, laugh and speak in a loud and boisterous manner. Unless they persisted in such conduct after they had been admonished by the proprietor or someone in charge of the restaurant, it would seem unreasonable to brand mere conviviality as disorderly conduct. It is entirely possible that the conduct of these defendants on this particular occasion, resulting in their arrest, was more aggravated than the record indicates. However, if this were so, the defendants have not been confronted with the specific accusation. The information to which they pleaded guilty was defective and insufficient and, consequently, the conviction must be reversed and the information dismissed as to each defendant. An order may be submitted accordingly.