THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AZRIEL GLASER, Appellant.

First Department, October 9, 1956.

*William M. Kufeld* of counsel (*Carb, Luria, Glassner & Cook,* attorneys), for appellant.

*Irving Anolik* of counsel (*Walter E. Dillon* with him on the brief; *Daniel V. Sullivan, District Attorney,* attorney), for respondent.

*Per Curiam.* Defendant herein was charged in a complaint with violating section 2147 of the Penal Law (public selling on Sunday). He was tried before a City Magistrate sitting as a Court of Special Sessions, and convicted of a violation of section 2143 of the Penal Law (performing labor on Sunday).

On appeal to this court, the People attempt to sustain the conviction by contending that the evidence unequivocally reveals that the defendant conducted and supervised warehouse operations on Sunday which constitutes a violation of section 2146 of the Penal Law.

To affirm this conviction is to approve a procedure that patently violates the defendant's right to be informed of the nature of the charge against him and the acts constituting it.

Obviously, the complaint in this case does not meet this requirement. Neither the offense of which the defendant stands convicted nor the acts constituting it were set forth in the complaint. Moreover, the evidence adduced at the trial was insufficient to sustain a conviction under any of the sections mentioned.

The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law. (*People* v. *Zambounis,* 251 N. Y. 94; see, also, *People* v. *Chatlos,* 283 App. Div. 623; *People* v. *Alexander,* 306 N. Y. 656.)

Since the defendant was tried before a City Magistrate, sitting as a Court of Special Sessions (N. Y. City Crim. Cts. Act, § 130, subd. i; § 131), the complaint made by the police officer takes the place of the information and must meet the same requirements.

On the facts and the law, the judgment of conviction should be unanimously reversed and the complaint dismissed.

Peck, P. J., Breitel, Cox, Frank and Valente, JJ., concur.

Judgment unanimously reversed and the complaint dismissed.