The People of the State of New York, Respondent, v. Irving Colvin, for Whom 111 Cedar Street Corp. Was Substituted, Appellant.

First Department, May 20, 1958.

*Frederick H. Block* of counsel (*Block & Block,* attorneys), for appellant.

*Mary P. Brosman* of counsel (*Seymour B. Quel* with her on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* The substituted defendant stands convicted on an information which charges a failure to comply with an order annexed thereto in violation of sections 643a–9.0 and C26–207.0 of the Administrative Code of the City of New York. The annexed order found that certain construction had been done at defendant's premises in violation of section C26–174.0 of the Administrative Code, to wit, an entrance hall had been removed and a store created without the filing of a plan or a permit. The removal of the entrance lobby was demonstrated at the trial by the testimony of Inspector Brennan who testified that a plan which had been filed for certain work in 1951 indicated that there was an entrance lobby in the building, whereas his inspection disclosed that said space was being utilized as a store. No violation of the statute involved (Administrative Code, § C26–174.0) was proved, however, since it appeared that no construction work with respect to the lobby had been done other than that shown on the plan for which a permit had been issued. Since the statute, allegedly violated, prohibits construction without a permit and makes no reference to a change in use, the charge alleged in the information was not established.

The testimony establishes that an additional door was constructed and installed which does not appear on the filed plan. In other words, the plan projects three doors, and, in fact, four doors were installed. No charge involving said deviation is embodied in the information. Consequently, proof of the said deviation does not sustain the charge set forth in the information. (*People* v. *Zambounis,* 251 N. Y. 94; *People* v. *Alexander,* 306 N. Y. 656; *People* v. *Chatlos,* 283 App. Div. 623; *People* v. *Glaser,* 2 A D 2d 352.) " The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law." (*People* v.

*Zambounis, supra,* p. 97.) The defendant was entitled to be informed of the nature of the charge against it and the acts constituting it. (*People* v. *Glaser, supra.*) Such procedure was not followed here.

The judgment of conviction should be reversed, the information dismissed, and the fine remitted.

BREITEL, J. P., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Judgment unanimously reversed upon the law and the facts, and the information dismissed, and the fine remitted.