■ In the Matter of SAMUEL WEISS, Respondent, v. S. KLEIN ON THE SQUARE, INC., Appellant.—

Concur — Botein, P. J., Valente, Eager and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD ZUCKER, Appellant.—

Defendant was convicted in the Court of Special Sessions, after trial, of the crime of violating section 1141 of the Penal Law (obscene prints and articles) and fined $150 or, in the alternative, 10 days in prison; the fine was paid. Defendant's contention, among others, is that he was not adequately informed of the crime charged. The first count of the information charged defendant with unlawfully possessing with intent to sell "a certain obscene, lewd, lascivious, filthy, indecent and disgusting writing, paper, drawing, photograph, figure and image". The subject matter of the charge was not otherwise identified or described. The People offered and there was admitted into evidence 38 photographs and 18 books. The photographs were selected from approximately 10,000 photographs in the premises where the arrest was made. At no time during the trial did the District Attorney point out to the defendant or to the court the particular photograph, photographs or books claimed by him to be the basis of the charge and there is nothing in the record to indicate his position in this connection. The trial court did not as a basis for its finding identify the photograph, photographs or books found by it to be obscene. (People v. Grasberg, 13 A D 2d 635.) Alleged obscene material must be sufficiently identified. (People v. Zambounis, 251 N. Y. 94; People v. Koffroth, 2 N Y 2d 807.) With reference to the second count of the information, the proof establishes defendant displayed and held out for sale the three specific books mentioned therein, all of which are obscene within the meaning of section 1141 of the Penal Law. We find no necessity for disturbing the sentence. Concur — Breitel, J. P., McNally, Eager, Steuer and Bergan, JJ.