Irving Younger, J.
Due process requires that a citizen accused of misconduct be given fair notice ‘ ‘ of the nature of the charge against him and of the act constituting it ’ (People v. Zambounis, 251 N. Y. 94, 96 [1929].) In this case, the interesting question is presented whether due process is satisfied by a simplified complaint that in its entirety describes the charge as follows: “ Lewd Act. No Pasties GoGo.”
The use of a simplified summons and complaint for nontraffic offenses is permitted by rule X of the Rules of the Criminal Court of the City of New York. (22 NYCRR 2950.10.) The draftsmen of the rule apparently drew their inspiration from the simplified traffic information authorized by statute in 1962. (Code Crim. Pro., pt. IV, tit. III, ch. I-A.) While the Legislature has not endorsed the use of a simplified summons and complaint for nontraffic offenses, I have no doubt that rule X is a valid exercise of the power vested in the Appellate Division to promulgate rules to facilitate procedure in the Criminal Court. (N. Y. City Crim. Ct. Act, § 41, subd. [2].)
The use of the simplified pleading in this- ease is, therefore, proper. But is the pleading sufficient?
Rule X does not in terms set forth what the complaint should say. It does contain a form of summons and complaint which the issuing officer must complete. (Rule X, subds. [2], [5] ; 22 NYCRR 2950.10 [b] [e].) The form has been devised so as to comport with the mandate of due process, as expressed by the Legislature, concerning the contents of a simplified traffic inf or *218 mation (Code Crim. Pro., § 147-d): “ The statement of the violation shall contain the name of the violation, if it have one, * * *. or if it he a violation having no general name, * * * a brief description of it as given by statute, order, ordinance, rule or regulation.” Since rule X runs parallel to the statute, at the least this complaint, issued under the rule, should bear scrutiny by the standard of the statute. If it does, it will also pass muster by the standard of due process.
The complaint, in its formal parts, states that the law involved is “improper exposure,” and cites the Administrative Code of the 'City of New York without specifying any particular section. The index to the Administrative Code mentions no such violation. Hence I conclude that the misconduct sought to be charged has no “ general name ” within the meaning of section 147-d. Then the information should contain a “ brief description of [the violation] as given by statute, order, ordinance, rule or regulation.” The reason that the description in the complaint must follow the description given in the statute, order, ordinance, rule or regulation, is that the description .should point to the provision of law alleged to have been violated. Thus the defendant will be informed of the nature of the charge against him and be in a position to prepare his defense. Due process requires no less.
This complaint describes the ofíense as “Lewd Act. No Pasties GoGo.”
The phrase, “Lewd Act,” is evocative but uninformative. The allegation, therefore, stands or falls on the words “No Pasties GoGo. ’ ’ I am mindful that the test is not whether any particular Judge has led a full enough life to grasp what is meant by these words, but rather whether the words communicate with reasonable precision that of which the defendant •stands accused. In my view they do not. I can guess, of course, that the issuing officer wanted to charge some sort of violation of section 435-18.1 of the Administrative Code, which, in its first paragraph (subd. a), forbids a female who works in a public place to appear therein topless and, in its second paragraph (subd. b), forbids anyone to permit such a thing to occur. Where the issue is the sufficiency of notice, however, a guess is not good enough.
Measured by the standard of section 147-d of the Code of Criminal/Procedure, in sum, this complaint is insufficient. That standard is nothing more than the minimum required by the due process clause. Then by the standard of due process, too, the complaint is insufficient.
Defendant’s motion to dismiss the complaint is granted.