OPINION OF THE COURT
Burton G. Hecht, J.
On February 4, 1978 the defendant corporation was served with three universal summonses, charging him with violations of the Administrative Code of the City of New York. The first summons charged a violation of section B32-198.0, unlicensed bathing establishment, and stated that the offense occurred at 230 West 74 Street, New York County, on February 4, 1978 at 11:30 p.m. The second summons which charged a violation of *60 section B32-297.0, unlicensed cabaret, occurred at 230 West 74 Street on February 4, 1978 at 11:35 p.m. And the final summons charged a violation of section B32-41.0, unlicensed common show games (four), occurring at 230 West 74 Street on February 4, 1978 at 11:40 p.m. All three summonses were verified by the complainant, Sr. Inspector A. F. Jehle, Department of Consumer Affairs. Defendant has moved to dismiss the charges due to infirmities in the accusatory instrument.
It is the defendant’s contention that CPL 100.15 must be applied in determining whether the information is sufficient to constitute an accusatory instrument. Under that section, the information must allege "facts of an evidentiary character supporting or tending to support the charges.” However, the universal summons authorized by rule 10 of the New York City Criminal Court Rules (22 NYCRR 2950.10) for nontraffic offenses is a simplified form of information and as such closely parallels the simplified traffic information authorized by CPL 100.10 for traffic offenses. Since the two are so similar in form and content the rules applicable to the simplified traffic information are also applicable to the universal summons (People v Autorino, 61 Misc 2d 217). Under CPL 100.10 (subd 2) a written accusation by a police officer charging a person with a traffic offense which in the prescribed form designates the offenses charged, but contains no factual allegations of an evidentiary nature supporting such charges, is sufficient to serve as the basis for prosecution. Therefore, the universal summons need not contain factual allegations.
The minimum standard of due process, however, .must be satisfied and an information must state the crime charged with such accuracy that the defendant may know and not have to speculate as to the nature of the charge against him and as to the act constituting it (People v McGuire, 5 NY2d 523; People v Love, 306 NY 18; People v Zambounis, 251 NY 94). This is so in order to enable the defendant to prepare for trial and to ensure that he is not tried twice for the same crime (People v Zambounis, supra).
This case is directly controlled by the Court of Appeals ruling in People v Rodman (32 NY2d 821). There, the court held that the universal summons which was verified and based entirely on nonhearsay and which stated precisely the date, time, and place of the act charged, described the act as "dense smoke from incinerator stack” and specified the statu *61 tory provision allegedly violated, was sufficiently particular to meet the requisite standard.
Here too, in the matters before this court, the summonses were based on nonhearsay (the complainant stated that he personally observed the commission of the offenses charged) and correctly verified. The summonses also stated the precise date, time and place of the offenses and the specific statutory provisions which were violated. Furthermore the acts constituting the offenses were described as "unlicensed bathing establishment, unlicensed cabaret and unlicensed common show games”. Taken as a whole, it is clear that the information sufficiently states the crimes charged with the requisite accuracy and the defendant corporation does not have to speculate as to the crimes it is called upon to defend.
Accordingly, the defendant’s motion to dismiss is denied.
As agreed between the attorneys for the respective parties, the balance of the motion will be heard by the trial court.