OPINION OF THE COURT
Analisa Torres, J.
Defendant is charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired *878 (Vehicle and Traffic Law § 1192 [1]). He moves to dismiss the charge of driving while intoxicated, on the ground that it is facially insufficient.
The accusatory instrument states that on August 4, 2000, at West 49th Street and 10th Avenue, Detective Bryan Welcome saw “defendant’s automobile run into a stopped taxicab” and that Detective Welcome “observed that * * * defendant had watery and bloodshot eyes, a flushed face, and a strong smell of an alcoholic beverage on his breath.” It also states that Police Officer Francisco Acosta administered a blood alcohol content test and that the test result “indicated that * * * defendant had a blood alcohol content of .07 per centum by weight of alcohol in his blood.”
Vehicle and Traffic Law § 1192 (3) states that “[n]o person shall operate a motor vehicle while in an intoxicated condition.” Intoxication is the degree of impairment “which is reached when the driver has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver.” (People v Cruz, 48 NY2d 419, 428 [1979].)
Vehicle and Traffic Law § 1195 (2) (b) states:
“Probative value. The following effect shall be given to evidence of blood-alcohol content, as determined by such tests, of a person arrested for violation of section eleven hundred ninety-two of this article * * *
“(b) Evidence that there was more than .05 of one per centum but not more than .07 of one per centum by weight of alcohol in such person’s blood shall be prima facie evidence that such person was not in an intoxicated condition, but such evidence shall be relevant evidence, but shall not be given prima facie effect, in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol.”
Defendant argues that the result of the breathalyzer test, showing only .07 of 1% by weight of alcohol, is prima facie evidence that he was not intoxicated and that the charge of driving while intoxicated is, therefore, facially insufficient. Defendant is incorrect.
Prima facie evidence is evidence which, if uncontradicted, is sufficient to establish a fact. (People v Perez, NYLJ, Dec. 13, 1991, at 30, col 1 [Crim Ct, Kings County, Gary, J.].) Prima *879 facie evidence does not mean conclusive evidence; it is evidence which creates a rebuttable presumption. The indices of common-law intoxication — that defendant had watery and bloodshot eyes, a flushed face and a strong smell of alcohol on his breath and that defendant’s car hit a stopped car — are sufficient to rebut the breathalyzer test result. Moreover, the allegations provide reasonable cause to believe that defendant was incapable of employing the physical and mental abilities needed to operate a car as a reasonable and prudent driver. (People v Hohmeyer, 70 NY2d 41 [1987].)
The charge of driving while intoxicated is facially sufficient. Defendant’s motion to dismiss is, therefore, denied.