OPINION OF THE COURT
Memorandum.
Order reversed on the law, the branch of defendant’s motion seeking to dismiss the accusatory instrument denied, accusatory instrument reinstated and matter remanded to the court below for a determination of the remaining branches of defendant’s motion and for all further proceedings.
Following what the Justice Court termed a near fatal accident, defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Thereafter, a second charge of driving while intoxicated based on a blood alcohol reading greater than .08 of one per centum by weight (Vehicle and Traffic Law § 1192 [2]) was added. That charge was dismissed upon motion by the People following results noted in a toxicological report showing a blood alcohol content of .07 of one per centum by weight. Said results were based on a test administered to defendant approximately four hours after the accident. Thereafter defendant moved, insofar as relevant to this appeal, to dismiss the charge of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) on the ground that the Vehicle and Traffic Law § 1195 (2) (c) minimum statutory presumption of impairment provides a legal impediment to a conviction of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) in that there is no basis for the People to present legally sufficient evidence to establish the element of intoxication.
*59 The grounds for dismissal of an information are limited to those set forth in CPL 170.30 (see People v Douglass, 60 NY2d 194, 205-206 [1983]). Section 170.30 (1) permits dismissal upon the following grounds:
“§ 170.30. Motion to dismiss information, simplified information, prosecutor’s information or misdemeanor complaint.
“1. After arraignment upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that:
“(a) It is defective, within the meaning of section 170.35; or
“(b) The defendant has received immunity from prosecution for the offense charged, pursuant to sections 50.20 or 190.40; or
“(c) The prosecution is barred by reason of a previous prosecution, pursuant to section 40.20; or
“(d) The prosecution is untimely, pursuant to section 30.10; or
“(e) The defendant has been denied the right to a speedy trial; or
“(f) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged; or
“(g) Dismissal is required in furtherance of justice, within the meaning of section 170.40.”
In the case at bar, the only bases for dismissal under said section is paragraph (a) or (g), i.e., the information is defective since the factual allegations set forth therein, if true, were legally insufficient to establish defendant’s guilt, or in the furtherance of justice.
Section 100.40 (1) of the Criminal Procedure Law provides that an information is sufficient on its face when it substantially conforms to the requirements of CPL 100.15; when the factual allegations thereof (together with any supporting depositions which may accompany it) provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and when the nonhearsay allegations of the factual part of the information and/or any supporting depositions establish, if true, every element of the *60 offense charged and defendant’s commission thereof. The law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged that a defendant may prepare for trial and avoid retrial for the same offense (People v Konieczny, 2 NY3d 569, 575 [2004]; People v Zambounis, 251 NY 94 [1929]). The failure to comply with this requirement is a nonwaivable jurisdictional defect (People v Alejandro, 70 NY2d 133 [1987]) with the exception of the non-hearsay requirement which is deemed waived absent a pretrial motion (People v Casey, 95 NY2d 354 [2000]) or upon a plea of guilty (People v Pittman, 100 NY2d 114, 122 [2003]).
Section 1192 (3) of the Vehicle and Traffic Law, common-law driving while intoxicated, provides that “[n]o person shall operate a motor vehicle while in an intoxicated condition.” A driver of a vehicle is intoxicated when he has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate the vehicle as a reasonable and prudent driver (People v Cruz, 48 NY2d 419, 428 [1979]).
In the instant matter, the factual allegations in the accusatory instrument alleged that defendant on January 9, 2004 at about 4:04 a.m., while operating a vehicle in a southerly direction on Dolphin Lane, lost control of said vehicle at which time it left the road, struck a mailbox and then a tree in the front yard of No. 25 Dolphin Lane. The officer, while assessing defendant’s physical condition (defendant being pinned in the driver’s seat by the steering wheel), detected the odor of an alcoholic beverage in the vehicle. The defendant was later detected to have the odor of an alcoholic beverage on his breath and admitted that he “had like 2 beers.”
In our opinion, the foregoing allegations of the officer, defendant’s admission and the description of the accident, were sufficient to establish, if found to be true, that defendant was incapable of employing the physical and mental abilities needed to operate a car as a reasonable and prudent driver (see People v Hohmeyer, 70 NY2d 41 [1987]; People v Cruz, 48 NY2d 419 [1979], supra).
Defendant’s contention that the People will be unable to establish his guilt beyond a reasonable doubt since the results of a breathalyzer test, taken approximately four hours after the accident and showing a blood alcohol content of only .07 of one per centum by weight, is prima facie evidence that he *61 was not intoxicated at the time of the accident, is without merit. Vehicle and Traffic Law § 1195 (2) (c) provides that “[e]vidence that there was .07 of one per centum or more but less than .08 of one per centum by weight of alcohol in such person’s blood shall be prima facie evidence that such person was not in an intoxicated condition.” Prima facie evidence is evidence which, if uncontradicted, is sufficient to establish a fact. Prima facie evidence does not mean conclusive evidence, but rather evidence which creates a rebuttable presumption (see People v Cristina, 186 Misc 2d 877 [2001]). Inasmuch as the accusatory instrument, as noted prior hereto, contains factual allegations sufficient to establish reasonable cause that defendant violated Vehicle and Traffic Law § 1192 (3), the People are entitled to an opportunity to rebut the presumption, set forth in section 1195 (2) (c), at trial (People v Blair, 98 NY2d 722 [2002]).
An information, or any count thereof, may be dismissed in the interest of justice, as provided in CPL 170.30 (1) (g) when, even though there may be no basis for dismissal as a matter of law upon a ground specified in paragraphs (a) through (f) of subdivision (1) of CPL 170.30, such dismissal is required as a matter of discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such instrument or count would constitute or result in injustice (CPL 170.40 [1]). The factors to be considered by the court in determining whether dismissal in the interest of justice is warranted are set forth in paragraphs (a) through (j) of subdivision (1) of section 170.40 of the CPL. In the case at bar, only paragraph (c), “the evidence of guilt, whether admissible or inadmissible at trial,” requires consideration. The law is clear that the burden of proof is on the People to prove defendant’s guilt beyond a reasonable doubt and not on the defendant to introduce evidence of his innocence. Thus, in rendering a decision on a motion to dismiss in the interest of justice, the court should consider the evidence available to the People at trial and determine whether it is sufficient as a matter of law to prove each and every element of the offense charged. Where, as here, defendant has a legitimate defense that can weaken the People’s case, it in no way lessens the quantum of proof available to the People. Rather, said evidence (the blood alcohol content reading) simply raises an issue to be presented to the trier of fact (see People v Prunty, *62 101 Misc 2d 163 [1979]) and is not so compelling a factor as to warrant a court to circumvent the prosecutorial discretion of the People (see People v Litman, 99 AD2d 573 [1984]; People v Premier House, 174 Misc 2d 163 [1997]).
Rudolph, EJ., McCabe and Lippman, JJ., concur.